UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| EXITEXCHANGE CORP., <br><br> Plaintiff, <br><br> v. <br><br> FRIENDFINDER NETWORKS, INC., <br><br> Defendant. | CIVIL ACTION NO.  2:13-cv-00396-JRG <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT FRIENDFINDER NETWORKS INC.'S
REPLY IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(B)(6)**

Defendant FriendFinder Networks Inc. ("Defendant") hereby replies in support of its motion to dismiss in part the patent infringement Complaint filed against it in this action by Plaintiff ExitExchange Corp. ("Plaintiff") pursuant to Rule 12(b)(6).

Plaintiff's Opposition to Defendant's motion falls far short of establishing that it has properly pled claims of indirect patent infringement (both induced infringement and contributory infringement) and willful patent infringement.  Plaintiff's Opposition not only misstates Supreme Court precedent, but it fails to cite a single fact in the Complaint that makes its indirect infringement allegations or willful patent infringement allegation plausible.

Plaintiff also improperly relies on its compliance with Federal Rule of Civil Procedure Form 18 for meeting its pleading burden.  Opposition at 2.  Plaintiff ignores the fact that Form 18 does not apply to indirect patent infringement and willful infringement allegations.  Indeed, Form 18 is "strictly construed as measuring only the sufficiency of allegations of direct

1

infringement, and **not indirect infringement**." *In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323, 1338 (Fed. Cir. 2012) (emphasis added). Form 18, therefore, is irrelevant as Defendant's motion is directed to Plaintiff's indirect and willfulness allegations, not direct infringement.

Plaintiff contends that "[a] complaint is merely required to articulate *allegations* sufficient to show that the complainant is plausibly entitled to relief." Opposition at 1 (emphasis added). In fact, the Supreme Court, and subsequently courts around the country, have held that a plaintiff must allege "*facts* to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 55-56, 570 (2007) (emphasis added) (quoted in Plaintiff's Opposition at page 2). Here, Plaintiff has failed to meet its burden to plead any facts in support of its indirect infringement or willful infringement allegations. Plaintiff's Opposition likewise fails to point to any facts that support its allegations.

Specifically, Plaintiff fails to cite a single fact to support an allegation that Defendant had the required knowledge or intent for indirect infringement. Plaintiff's Opposition points to two generic *allegations* about knowledge and intent, see Opposition at page 5, but no facts that would support these allegations. Plaintiff's formulaic recitation of elements without any facts is insufficient to support its indirect infringement claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

Plaintiff's hollow allegations are also insufficient to support indirect infringement for post-litigation conduct, unless it specifically limits its allegations to such post-litigation conduct. *See, e.g., Ameranth, Inc. v. Hilton Resorts Corp.*, Case No. 11-CV-1810 JLS (NLS), slip op. at 15 (S.D. Cal. July 18, 2013) (addressing indirect infringement allegations). Otherwise,

Defendant could be held liable for acts of alleged induced infringement prior to having any knowledge of the patent. This rationale is in line with general pleading standards because a plaintiff must have a good faith basis to make claims when it files a complaint. *See e.g., In re Seagate Tech. LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007) ("when a complaint is filed, a patentee must have a good faith basis for alleging willful infringement"). Accordingly, a plaintiff asserting indirect infringement pre-litigation must have a good faith basis to believe that the accused defendant had the required knowledge and intent for indirect infringement. Here, Plaintiff has not come forward with any basis for a pre-litigation indirect infringement allegation or stated that it intends to restrict its indirect infringement allegation to only post-litigation conduct.

In addition, Plaintiff completely ignores in its Opposition Defendant's argument regarding contributory infringement. Plaintiff does not and cannot point to a single fact that would support such an allegation. Indeed, there is absolutely no allegation in Plaintiff's Complaint asserting the material or apparatus provided by Defendant that would plausibly lead to contributory infringement. Plaintiff's contributory infringement claim, accordingly, must be also dismissed.

Similarly, Plaintiff's willful infringement allegation is improper. In order to make a claim for willful patent infringement a plaintiff must allege pre-litigation knowledge of the patent. *In re Seagate Tech. LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007). While Plaintiff admits that it must allege facts to support its willful infringement claim, it has not and cannot point to a single fact from which one could infer that Defendant knew about the patent prior to being served with the Complaint. Tellingly, Plaintiff's argument does not refer to any allegations in the Complaint for support. *See* Opposition at 6-7. Thus, it appears that Plaintiff is not relying on

facts, but instead on the formulaic allegation quoted in Defendant's motion (see Motion at pages 6-7) that has been squarely rejected by courts time and time again.  *See e.g., InMotion Imagery Tech. v. Brain Damage Films*, No. 2:11-CV-414-JRG, 2012 WL 3283371, at *4 (E.D. Tex. Aug. 10, 2012) ("Complaint does not allege any particular facts that would demonstrate InMotion's good faith basis for alleging willful infringement"); *Achates Reference Publ'g, Inc. v. Symantec Corp.*, No. 2:11-CV-294-JRG-RSP, 2013 WL 693955, at *3 (E.D. Tex. Jan. 10, 2013) ("bare assertion that Symantec's infringement was willful is not sufficient to plead a plausible claim for relief").  Without any factual support for the allegation, Plaintiff's willful infringement claim must be dismissed.

 Based on the foregoing and pursuant to Rule 12(b)(6), Defendant respectfully requests that the Court dismiss Plaintiff's claims for induced infringement under 35 U.S.C. § 271(b), contributory infringement under 35 U.S.C. § 271(c), and claims alleging willful patent infringement.

Dated: August 5, 2013                         Respectfully submitted,

                                              By:  */s/ Andrew Stinson*

                                              Frank M. Gasparo (Admitted Pro Hac Vice)
                                              Venable LLP
                                              1270 Avenue of the Americas
                                              Twenty-Fourth Floor
                                              New York, New York 10020
                                              Telephone:  (212) 307-5500
                                              Facsimile:  (212) 307-5598
                                              fmgasparo@venable.com

                                              Andrew Stinson
                                              State Bar No. 24028013
                                              RAMEY & FLOCK PC
                                              100 East Ferguson, Suite 500
                                              Tyler, Texas 75702
                                              Telephone (903) 597-3301
                                              astinston@rameyflock.com

                                              ATTORNEYS FOR DEFENDANT
                                              FRIENDFINDER NETWORKS INC.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on August 5, 2013 a true and correct copy of the foregoing document was served on all attorneys of record who have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                              */s/ Andrew Stinson*
                                              Andrew Stinson