IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **EXITEXCHANGE CORP.,** <br><br> Plaintiff, <br> v. <br><br> **NTT AMERICA, INC.,** <br> **MOTHERLESS, INC., and** <br> **QUASAR DATA CENTER, LTD.** <br><br> Defendants. | CONSOLIDATED: <br><br> LEAD CASE No. 2:13-cv-00396-JRG <br><br> MEMBER CASE No. 2:13-cv-00401-JRG <br><br> JURY TRIAL |

DEFENDANT MOTHERLESS INC.'S
ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO <u>PLAINTIFF'S
FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT</u>

Defendant Motherless, Inc. ("Motherless" hereby submits its Answer, Affirmative Defenses, and Counterclaims to Plaintiff Exitexchange Corp.'s ("ExitExchange") First Amended Complaint ("the Amended Complaint") as follows:

INTRODUCTION

1. Motherless does not dispute that ExitExchange has advanced claims for patent infringement. Motherless is without knowledge or information sufficient to form a belief as to the truth of the allegations as to the ownership of United States Patent No. 7,353,229 B2, entitled "Post-Session Internet Advertising System", ("the '229 Patent"), set forth in paragraph 1, and therefore denies them. Motherless specifically denies that it has infringed, directly or indirectly, any claim of the '229 Patent. With respect to any alleged action by Motherless, Motherless denies all remaining allegations in Paragraph 1. With respect to any alleged action by the other Defendants in this action, Motherless is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1, and therefore denies them.

## JURISDICTION AND VENUE

2. Motherless does not dispute that this Court has subject matter jurisdiction over this dispute. Motherless specifically denies that it has committed the tort of patent infringement in the United States and in the State of Texas.

3. At this time, Motherless is not challenging the propriety of venue in this District under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b). Motherless denies that this is the most convenient venue under 28 U.S.C. § 1404 and reserves the right to move to transfer or move to change this case to a more convenient forum. Motherless is not challenging that it is subject to the personal jurisdiction of this Court.

## PLAINTIFF EXITEXCHANGE

4. Motherless is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4, and therefore denies them.

## THE PATENT

5. Motherless admits that on April 1, 2008, the United States Patent and Trademark Office issued the '229 Patent. Motherless denies that the United States Patent and Trademark Office duly and legally issued the '229 Patent with all rights to pursue and collect damages for past infringement of the Patent. Motherless is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 5, and therefore denies them.

## DEFENDANTS

6. Motherless is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6, and therefore denies them.

7. Motherless admits that it is a corporation organized and existing under the laws of New York, having a principal place of business located at 34 Fingerboard Road, Staten Island,

NY 10305.

8. Motherless is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7, and therefore denies them.

## CLAIM FOR PATENT INFRINGEMENT
### (Infringement of the '229 Patent)

9. Motherless re-alleges the allegations of the previous paragraphs of its Answer.

10. Motherless admits that on April 1, 2008, the United States Patent and Trademark Office issued the '229 Patent. Motherless denies that the United States Patent Office duly and legally issued the '229 Patent with full rights to pursue recovery of royalties or damages for infringement of said patent, including full rights to recover past and future damages. Motherless is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 10, and therefore denies them.

11. Motherless admits that the '229 Patent is entitled "Post-session internet advertising system." Motherless is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 11, and therefore denies them.

12. With respect to any alleged action by Motherless, Motherless denies all allegations in Paragraph 12. With respect to any action by any other Defendants in this action, Motherless is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12, and therefore denies them.

13. With respect to any alleged action by Motherless, Motherless denies all allegations in Paragraph 13. With respect to any action by any other Defendants in this action, Motherless is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13, and therefore denies them.

14. With respect to any alleged action by Motherless, Motherless denies all

allegations in Paragraph 14. With respect to any action by the other Defendants in this action, Motherless is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14, and therefore denies them.

15. With respect to any alleged action by Motherless, Motherless denies all allegations in Paragraph 15. With respect to any action by the other Defendants in this action, Motherless is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15, and therefore denies them.

16. Motherless is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16, especially concerning Motherless, and therefore denies them.

17. Motherless is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17, especially concerning Motherless, and therefore denies them.

18. With respect to any alleged action by Motherless, Motherless denies all allegations in Paragraph 18. With respect to any action by the other Defendants in this action, Motherless is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18, and therefore denies them.

19. With respect to any alleged action by Motherless, Motherless denies all allegations in Paragraph 19. With respect to any action by the other Defendants in this action, Motherless is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19, and therefore denies them.

20. With respect to any alleged action by Motherless, Motherless denies all allegations in Paragraph 20. With respect to any action by the other Defendants in this action,

Motherless is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20, and therefore denies them.

21. No response is required to ExitExchange's request for a jury trial.

22. With respect to any alleged action by Motherless, Motherless denies all allegations in Paragraph 22. With respect to any action by the other Defendants in this action, Motherless is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22, and therefore denies them.

## PRAYER FOR RELIEF

These paragraphs set forth the statement of relief requested by ExitExhange to which no response is required. Motherless denies that ExitExhange is entitled to any of the requested relief whatsoever.

## JURY DEMAND

No response is required to Motherless' request for a jury trial.

## AFFIRMATIVE DEFENSES

Subject to the responses above, Motherless alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below, subject to the responses above, Motherless specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

1. Motherless does not infringe and has not infringed, whether directly, contributory, or by inducement, any claims of the '229 Patent either literally or under the Doctrine of Equivalents.

2. The claims of the '229 Patent are invalid for failure to satisfy one or more of the

requirements of 35 U.S.C. §§ 100, 101, 102, 103, 112, and 132.

3. To the extent Motherless is liable for any damages, ExitExchange's damages are limited because it has not satisfied the requirements for obtaining damages under 35 U.S.C. § 287, and the limitations period further bars past damages claims.

4. The Amended Complaint fails to state a claim upon which relief can be granted.

## COUNTERCLAIMS

Motherless advances the following Counterclaims against ExitExchange and upon information and belief, states as follows:

## THE PARTIES

1. Motherless is a corporation organized and existing under the laws of New York, having a principal place of business located at 34 Fingerboard Road, Staten Island, NY 10305.

2. On information and belief, based on its pleading in this action, ExitExchange is a corporation existing under and by virtue of the laws of the State of Texas.

## JURISDICTION AND VENUE

3. Subject to Motherless' Answer and Affirmative Defenses, Motherless alleges that this Court has jurisdiction over the subject matter of these Counterclaims, without limitation, under, 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, and venue for these Counterclaims is proper in this District.

4. This Court has personal jurisdiction over ExitExchange.

## FACTUAL BACKGROUND

5. In its Amended Complaint, ExitExchange asserts that Motherless infringed the '229 Patent.

6. Motherless has not infringed any of the claims of the '229 Patent and the claims of the '229 Patent are invalid.

7. Consequently, there is an actual case or controversy between Motherless and ExitExchange over the non-infringement and/or invalidity of the '229 Patent and to what extent, if any, ExitExchange is entitled to any damages associated with Motherless' alleged infringing activity.

## COUNT ONE

### DECLARATORY JUDGMENT OF NON–INFRINGEMENT OF THE '229 PATENT

8. Motherless restates and incorporates by reference its allegations in the previous paragraphs of its Counterclaims.

9. An actual case or controversy exists between Motherless and ExitExchange as to whether the '229 Patent is not infringed by Motherless.

10. A judicial declaration is necessary and appropriate so that Motherless may ascertain its rights regarding the '229 Patent.

11. Motherless has not infringed and does not infringe, directly or indirectly, any claim of the '229 Patent. One or more limitations required by each claim is missing from the products made, used, sold, offered for sale and/or imported by Motherless.

12. Motherless has not infringed any of claims 1–10 of the '229 Patent.

13. Motherless has not infringed any of claims 11–20 of the '229 Patent.

14. Motherless has not infringed any of claims 21–22 of the '229 Patent.

## COUNT TWO

### DECLARATORY JUDGMENT OF INVALIDITY OF THE '229 PATENT

15. Motherless restates and incorporates by reference its allegations in the previous paragraphs of its Counterclaims.

16. An actual case or controversy exists between Motherless and ExitExchange as to

whether the claims of the '229 Patent are invalid.

17. A judicial declaration is necessary and appropriate so that Motherless may ascertain its rights as to whether the '229 Patent is invalid.

18. Claims of the '229 Patent are invalid for failing to comply with one or more of the requirements for patentability set forth in 35 U.S.C. § 100 et seq.

## JURY DEMAND

Motherless demands a jury trial of all issues in this action so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, Motherless prays for judgment as follows:

(a) A judgment dismissing the ExitExchange's Amended Complaint against Motherless with prejudice;

(b) A judgment in favor of Motherless on all of its Counterclaims;

(c) A declaration that Motherless has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid claims of the '229 Patent;

(d) A declaration that the '229 Patent is invalid;

(e) A declaration that this case is exceptional and an award to Motherless of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees;

(f) A declaration that Motherless has the right to continue to manufacture, use, offer to sell, and sell the accused products without liability to ExitExchange; and

(g) Such other and further relief as this Court may deem just and proper.

DATED: September 6, 2013

Respectfully submitted,

By: /s/ David S. Richman
David S. Richman
(California State Bar No. 94325)
(To Be Admitted Pro Hac Vice)
*Lead Attorney*
Theodora Oringher PC
10880 Wilshire Blvd., Suite 1700
Los Angeles, California 90024
(310) 557-2009 (telephone)
(310) 551-0283 (facsimile)
drichman@tocounsel.com

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was filed electronically in compliance with Local Rule CV-5(a). All counsel of record were served via ECF e-mail on this 6th day of September 2013.

/s/ David S. Richman
David S. Richman