# EXHIBIT A

# UNITED STATES BANKRUPTCY COURT
## District of Delaware

**VOLUNTARY PETITION**

| | |
|---|---|
| Name of Debtor (if individual, enter Last, First, Middle):<br>**FriendFinder Networks Inc.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names):<br>**Penthouse Media Group Inc.** | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): **13-3750988** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>**6800 Broken Sound Parkway NW<br>Suite 200<br>Boca Raton, FL**  ZIP CODE **33487** | Street Address of Joint Debtor (No. and Street, City, and State):  ZIP CODE |
| County of Residence or of the Principal Place of Business: **Palm Beach County** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):  ZIP CODE | Mailing Address of Joint Debtor (if different from street address):  ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):  ZIP CODE | |

**Type of Debtor** (Form of Organization) (Check one box.)
- [ ] Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- [X] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business** (Check one box.)
- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [X] Other

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box.)
- [ ] Chapter 7
- [ ] Chapter 9
- [X] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Chapter 15 Debtors**
Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

**Tax-Exempt Entity** (Check box, if applicable.)
- [ ] Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code).

**Nature of Debts** (Check one box.)
- [ ] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- [X] Debts are primarily business debts

**Filing Fee** (Check one box.)
- [X] Full Filing Fee attached.
- [ ] Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
- [ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- [X] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (*amount subject to adjustment on 4/01/16 and every three years thereafter*).

Check all applicable boxes:
- [ ] A plan is being filed with this petition.
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**
- [X] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors**
| [X] 1-49 | [ ] 50-99 | [ ] 100-199 | [ ] 200-999 | [ ] 1,000-5,000 | [ ] 5,001-10,000 | [ ] 10,001-25,000 | [ ] 25,001-50,000 | [ ] 50,001-100,000 | [ ] Over 100,000 |

**Estimated Assets**
| [ ] $0 to $50,000 | [ ] $50,001 to $100,000 | [ ] $100,001 to $500,000 | [ ] $500,001 to $1 million | [X] $1,000,001 to $10 million | [ ] $10,000,001 to $50 million | [ ] $50,000,001 to $100 million | [ ] $100,000,001 to $500 million | [ ] $500,000,001 to $1 billion | [ ] More than $1 billion |

**Estimated Liabilities**
| [ ] $0 to $50,000 | [ ] $50,001 to $100,000 | [ ] $100,001 to $500,000 | [ ] $500,001 to $1 million | [ ] $1,000,001 to $10 million | [ ] $10,000,001 to $50 million | [ ] $50,000,001 to $100 million | [ ] $100,000,001 to $500 million | [X] $500,000,001 to $1 billion | [ ] More than $1 billion |

NY 243276324v3

| **Voluntary Petition** *(This page must be completed and filed in every case.)* | Name of Debtor(s): FriendFinder Networks Inc. |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) |||
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) |||
|---|---|---|
| Name of Debtor: See Attached Schedule 1 | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☒ Exhibit A is attached and made a part of this petition. | **Exhibit B** (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>Signature of Attorney for Debtor(s)     (Date) |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☒ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
*(Check any applicable box.)*

☐ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☒ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
*(Check all applicable boxes.)*

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1) (12/13) Page 3

| Voluntary Petition *(This page must be completed and filed in every case.)* | Name of Debtor(s): FriendFinder Networks Inc. |
|---|---|

**Signatures**

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br><br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br><br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>Signature of Debtor<br><br>X _____<br>Signature of Joint Debtor<br><br>_____<br>Telephone Number (if not represented by attorney)<br><br>_____<br>Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only one box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>(Signature of Foreign Representative)<br><br>_____<br>(Printed Name of Foreign Representative)<br><br>_____<br>Date |

| Signature of Attorney* | Signature of Non-Attorney Bankruptcy Petition Preparer |
|---|---|
| X */s/ Dennis A. Meloro*<br>Signature of Attorney for Debtor(s)<br>Dennis A. Meloro<br>Printed Name of Attorney for Debtor(s)<br>Greenberg Traurig, LLP<br>Firm Name<br>The Nemours Building<br>1007 North Orange Street, Suite 1200<br>Wilmington, Delaware 19801<br>Address<br>(302) 661-7000<br>Telephone Number<br>September 17, 2013<br>Date<br><br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)<br><br>_____<br>Address<br><br>X _____<br>Signature<br><br>_____<br>Date<br><br>Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

| Signature of Debtor (Corporation/Partnership) |
|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X */s/ Anthony Previte*<br>Signature of Authorized Individual<br>Anthony Previte<br>Printed Name of Authorized Individual<br>President and Chief Executive Officer<br>Title of Authorized Individual<br>September 17, 2013<br>Date |

# SCHEDULE 1

The following list identifies all of the affiliated entities, including the Debtor filing this petition (collectively, the "Debtors"), that filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware, contemporaneously with the filing of this petition. The Debtors filed a motion requesting joint administration.

1. Argus Payments Inc.
2. Big Island Technology Group, Inc.
3. Blue Hen Group Inc.
4. Confirm ID, Inc.
5. Danni Ashe, Inc.
6. Fastcupid, Inc.
7. Fierce Wombat Games Inc.
8. FriendFinder California Inc.
9. FriendFinder Networks Inc.
10. FRIENDFINDER VENTURES INC.
11. FRNK Technology Group
12. General Media Art Holding, Inc.
13. General Media Communications, Inc.
14. General Media Entertainment, Inc.
15. Global Alphabet, Inc.
16. GMCI Internet Operations, Inc.
17. GMI On-Line Ventures, Ltd.
18. Interactive Network, Inc.
19. Magnolia Blossom Inc.
20. Medley.com Incorporated
21. NAFT NEWS CORPORATION
22. Penthouse Digital Media Productions Inc.
23. Penthouse Images Acquisitions, Ltd.
24. PerfectMatch Inc.
25. Playtime Gaming Inc.
26. PMGI Holdings Inc.
27. PPM Technology Group, Inc.
28. Pure Entertainment Telecommunications, Inc.
29. Sharkfish, Inc.
30. Snapshot Productions, LLC
31. Streamray Inc.
32. Streamray Studios Inc.
33. Tan Door Media Inc.
34. Traffic Cat, Inc.
35. Transbloom, Inc.
36. Various, Inc.
37. Video Bliss, Inc.

**38.** West Coast Facilities Inc.
**39.** XVHUB Group Inc.

38665-5
NY 243276324v3

B 1A (Official Form 1, Exhibit A) (9/97)
*[If debtor is required to file periodic reports (e.g. forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

# United States Bankruptcy Court
## District of Delaware

In re  FriendFinder Networks Inc.
                        Debtor(s)

Case No.
Chapter  **11**

## EXHIBIT "A" TO VOLUNTARY PETITION

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number 001-34622.

2. The following financial data is the latest available information and refers to the debtor's condition on June 30, 2013.

   a. Total assets on a consolidated basis                                $ 465,301,000

   b. Total debts on a consolidated basis (including debts listed in 2.c., below)   $ 661,967,000

   c. Debt securities held by more than 500 holders:                        Approximate number of holders:

   secured ☐   unsecured ☐   subordinated ☐   $ _____   _____
   secured ☐   unsecured ☐   subordinated ☐   $ _____   _____
   secured ☐   unsecured ☐   subordinated ☐   $ _____   _____
   secured ☐   unsecured ☐   subordinated ☐   $ _____   _____

   d. Number of shares of preferred stock    22,500,000 shares authorized    No shares issued and outstanding.

   e. Number of shares common stock          112,500,000 shares authorized   32,827,761 shares issued and outstanding

   Comments, if any:

3. Brief description of Debtor's business:  The debtor, together with its subsidiaries, is an internet and technology company providing services in the social networking and web-based video sharing markets, and is also engaged in entertainment activities consisting of publishing, licensing and studio production and distribution.

4. List the name of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
   Absolute Income Fund, L.P.
   Andrew B. Conru Trust Agreement
   Anthony R. Bobulinski
   Daniel C. Staton
   Global Investment Ventures LLC
   Mapstead Trust
   Marc H. Bell
   Staton Family Investments, Ltd.
   Staton Family Perpetual Trust

38666-3

# RESOLUTIONS OF
# THE BOARD OF DIRECTORS
# OF
# FRIENDFINDER NETWORKS INC.

### (a Nevada corporation)

A special meeting of the board of directors (the "Board") of FriendFinder Networks Inc. (f/k/a Penthouse Media Group Inc.), a Nevada corporation (the "Company"), was duly called, noticed and held on September 16, 2013, at which the following resolutions of the Board were adopted:

WHEREAS, the Board has considered the financial and operational aspects of the business of the Company and has reviewed the current financial condition and status of the Company;

WHEREAS, one or more members of the Board may have a financial interest in the transactions contemplated by these resolutions; and

WHEREAS, the material facts and circumstances relating to the financial interest have been disclosed and are known to the Board.

NOW, THEREFORE, BE IT RESOLVED, that in the judgment of the Board, it is desirable and in the best interests of the Company and its constituents that a petition be filed in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), by the Company seeking relief under the provisions of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code");

RESOLVED, FURTHER, that the Chief Executive Officer and Chief Financial Officer of the Company (each, an "Officer" and collectively, the "Officers"), are hereby authorized, empowered, and directed acting unanimously to file with the Bankruptcy Court, on behalf of the Company, at such time hereafter as any of them determine, a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code;

RESOLVED, FURTHER, that the Officers be, and each of them hereby is, authorized and empowered acting unanimously to obtain post-petition financing and/or use cash collateral according to terms which may be negotiated by the management of the Company, and to enter into any debtor-in-possession financing facilities, guarantees, or other related documents and to pledge and grant liens on the assets of the Company or provide adequate protection as may be contemplated by or required under the terms of such post-petition financing or cash collateral agreement; and in connection therewith, the Officers are hereby authorized and directed to execute appropriate loan agreements, cash collateral agreements, and related ancillary documents, whether consented to or contested by the Company's existing lenders;

RESOLVED, FURTHER, that the Officers are hereby authorized, empowered and directed, on behalf of the Company, to retain the law firm of Greenberg Traurig, LLP, as bankruptcy counsel for general legal advice, and in the event that the Company files a voluntary

bankruptcy petition for reorganization, or in the event that an involuntary bankruptcy petition is filed against the Company, is hereby authorized to retain Greenberg Traurig, LLP in connection with the services and actions contemplated hereby;

RESOLVED, FURTHER, that the Officers are hereby authorized, empowered and directed, on behalf of the Company, to retain the law firm of Akerman Senterfitt, as special counsel and conflicts counsel for the Company;

RESOLVED, FURTHER, that the Officers are hereby authorized, empowered and directed, on behalf of the Company, to retain SSG Capital Advisors, LLC, as the financial advisor for the Company;

RESOLVED, FURTHER, that the Officers be, and hereby are, authorized to employ any other professional necessary to assist the Company in carrying out their respective duties under the Bankruptcy Code or otherwise, and in connection therewith, the Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the Chapter 11 case and cause to be filed appropriate applications with the bankruptcy court for authority to retain the services of any other professional, as necessary, and on such terms as are deemed necessary, desirable, and proper by the management of the Company, and to the extent that any such Officer or director of the Company (each, a "Director") has taken any action in furtherance of the retention of any professional, including, without limitation, the payment of any retainer, prior to the date of these resolutions, such action is hereby ratified, confirmed and approved in all respects;

RESOLVED, FURTHER, that a plan of reorganization (a "Plan") implementing the Transaction Support Agreement, by and among Interactive Network, Inc., a Nevada corporation, and the Company, as issuers (the "Issuers"), and certain affiliates of the Issuers as guarantors (the "Guarantors"), and certain creditors and equity holders of the Issuers and/or the Guarantors, and all Exhibits and/or Schedules thereto, including, without limitation, the Plan Term Sheet attached thereto as "Exhibit A" (the "Transaction Support Agreement"), be and hereby is adopted, authorized, and approved, for and on behalf of the Company, in such form and with such additional changes or amendments to the terms, conditions or other provisions thereof as the Officers acting together may have approved, the execution and delivery of which shall be conclusive evidence of proper adoption, authorization, and approval thereof as contemplated by these resolutions;

RESOLVED, FURTHER, that any guarantee made by a subsidiary of the Company, of an obligation of such subsidiary's parent, pursuant to a Plan, is hereby authorized and approved by the Company, in its capacity as the sole shareholder of each such subsidiary;

RESOLVED, FURTHER, that any guarantee made by a subsidiary of the Company pursuant to a Plan, is hereby authorized and approved by the Company, in its capacity as the sole shareholder of each such subsidiary;

RESOLVED, FURTHER, that the execution, delivery, filing and implementation of a Plan and all other documents necessary or desirable in order to carry out and perform the purposes of the foregoing resolutions, by the Company, is hereby authorized and approved;

NY 243301990v1

2

RESOLVED, FURTHER, that the Officers are each hereby authorized, empowered, and directed, for and on behalf of the Company, to execute, deliver, file and implement a Plan and all other documents necessary or desirable in order to carry out and perform the purposes of the foregoing resolutions, and the execution of such documents shall be conclusive evidence of the necessity or desirability thereof;

RESOLVED, FURTHER, that the Officers are each hereby authorized, empowered, and directed, for and on behalf of the Company to take all actions as they shall deem necessary or desirable in order to carry out and perform the purposes of the foregoing resolutions, including, without limitation, opening of new deposit accounts as a debtor-in-possession under the Bankruptcy Code, soliciting votes on a Plan subject to the approval of the Bankruptcy Court, and taking of such actions shall be conclusive evidence of the necessity or desirability thereof;

RESOLVED, FURTHER, that, from and after the filing by the Company of a Chapter 11 bankruptcy petition, the Officers are hereby authorized to make or cause to be made all filings and declarations as determined by any of them to be in the best interests of the bankruptcy estate of the Company and the creditors and equity holders of the Company; provided, that actions taken in the ordinary course of business taking into account any pending chapter 11 case can be made or caused to be made by any officer of the Company;

RESOLVED, FURTHER, that the transactions described in these resolutions, including, without limitation, a Plan implementing the Transaction Support Agreement, be, and hereby is, authorized, approved and ratified in good faith by the affirmative vote of the majority of the disinterested Directors; and

RESOLVED, FURTHER, that any and all actions heretofore taken by any Officer or Director of the Company in the name and on behalf of the Company in furtherance of the purpose and intent of any or all of the foregoing resolutions be, and hereby are, ratified, confirmed, and approved in all aspects.

IN WITNESS WHEREOF, the undersigned Secretary of FriendFinder Networks Inc. certifies that the foregoing resolutions of the board of directors of FriendFinder Networks Inc. were duly adopted by such board of directors at a meeting duly held on September 16, 2013.

                                                                             Name: Paul Asher
                                                                             Title: Secretary

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| PMGI Holdings Inc., *et al.*,[1] | Case No. _____ ( ) |
| Debtors. | (Joint Administration Requested) |

## CONSOLIDATED LIST OF CREDITORS
## HOLDING THIRTY LARGEST UNSECURED CLAIMS

Following is the <u>consolidated</u> list of the above-captioned Debtor's creditors holding the 30 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 30 largest claims. The information contained herein shall not constitute an admission of liability by, nor shall it be binding on, the Debtor. The information contained herein, including the failure of the Debtor to list any claim as contingent, unliquidated or disputed, does not constitute a waiver of the Debtor's right to contest the validity, priority or amount of any claim.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Blue Hen Group Inc. (9667), Argus Payments Inc. (4661), Big Island Technology Group, Inc. (9795), Confirm ID, Inc. (7020), Danni Ashe, Inc. (5271), Fastcupid, Inc. (7869), Fierce Wombat Games Inc. (2019), FriendFinder California Inc. (2750), FriendFinder Networks Inc. (0988), FRIENDFINDER VENTURES INC. (3125), FRNK Technology Group (7102), General Media Art Holding, Inc. (2637), General Media Communications, Inc. (2237), General Media Entertainment, Inc. (2960), Global Alphabet, Inc. (7649), GMCI Internet Operations, Inc. (7655), GMI On-Line Ventures, Ltd. (7656), Interactive Network, Inc. (5941), Magnolia Blossom Inc. (8925), Medley.com Incorporated (3594), NAFT NEWS CORPORATION (4385), Penthouse Digital Media Productions Inc. (1056), Penthouse Images Acquisitions, Ltd. (9228), PerfectMatch Inc. (9020), Playtime Gaming Inc. (4371), PMGI Holdings Inc. (2663), PPM Technology Group, Inc. (9876), Pure Entertainment Telecommunications, Inc. (9626), Sharkfish, Inc. (1221), Snapshot Productions, LLC (7091), Streamray Inc. (2716), Streamray Studios Inc. (1009), Tan Door Media Inc. (1100),Traffic Cat, Inc. (1223), Transbloom, Inc. (1168), Various, Inc. (7762), Video Bliss, Inc. (6760), West Coast Facilities Inc. (4751), XVHUB Group Inc. (9401). The Debtors' business address is 6800 Broken Sound Parkway NW, Suite 200, Boca Raton, FL 33487.

1

NY 243260936v6

| | (1)<br>Name of creditor | (2)<br>Name, telephone number and complete mailing address, including zip code, of employee agents, or department of creditor familiar with claim who may be contacted | (3)<br>Nature of claim (trade debt, bank loan, government, contract, etc.) | (4)<br>Indicate if claim is contingent, unliquidated, disputed or subject to set off | (5)<br>Amount of claim (if secured, the value of security) |
|---|---|---|---|---|---|
| 1. | PG&E | BOX 997300<br>SACRAMENTO, CA 95899-7300<br>ACCOUNTS RECEIVABLE<br>TEL: (415) 973-1000; (800) 511-0374 | TRADE PAYABLE | | $25,511.94 |
| 2. | AVIANA GLOBAL TECHNOLOGIES, INC. | 915 W IMPERIAL HWY<br>SUITE 100<br>BREA, CA 92821<br>JENIFER FRIAL<br>TEL: (714) 674-0260<br>FAX: (714) 674-0279 | TRADE PAYABLE | | $8,875.00 |
| 3. | MARIN SOFTWARE INC | 140 S. DEARBORN STREET, SUITE 300-A<br>CHICAGO, IL 60603<br>ACCOUNTS RECEIVABLE<br>TEL: (312) 267-2083 | TRADE PAYABLE | | $8,300.83 |
| 4. | NOVA MANAGEMENT, INC. | 659 ABREGO STREET SUITE 5<br>MONTERAY, CA 93940<br>ACCOUNTS RECEIVABLE<br>TEL: (831) 373-4544<br>FAX: (831) 373-4517 | TRADE PAYABLE | | $7,506.90 |
| 5. | TRILIBIS, INC | 66 BOVET ROAD, SUITE 285<br>SAN MATEO, CA 94402<br>ACCOUNTS RECEIVABLE<br>TEL: (650) 532-3114 | TRADE PAYABLE | | $7,159.10 |
| 6. | VERIZON WIRELESS | 500 TECHNOLOGY DRIVE, SUITE 550<br>WELDOM SPRING, MO 75266-0108<br>BANKRUPTCY ADMINISTRATION<br>TEL: (800) 922-0204 | TRADE PAYABLE | | $7,146.54 |
| 7. | OPENMARKET INC. | 2211 ELLIOTT AVENUE, SUITE 400<br>SEATTLE, WA 98121<br>ACCOUNTS RECEIVABLE<br>TEL: (877) 277-2801<br>FAX: 206-830-7777 | TRADE PAYABLE | | $6,000.00 |
| 8. | FRANK, RIMERMAN CO. LLP | 1801 PAGE MILL ROAD<br>PALO ALTO, CA 94304<br>ACCOUNTS RECEIVABLE<br>TEL: (650) 845-8100<br>FAX: (650) 494-1975 | TRADE PAYABLE | | $5,878.73 |
| 9. | JASON JOHNSON | 415 MINDORO AVE.<br>NORTH LAS VEGAS, NV 89031<br>TEL: (619) 212-5775 | TRADE PAYABLE | | $5,250.00 |
| 10. | PEPPER SCHWARTZ | UNIVERSITY OF WASHINGTON DEPARTMENT OF SOCIOLOY<br>BOX 353340<br>SEATTLE, WA 98195<br>VERONICA TALAVERA<br>TEL: (206) 543-4036Z<br>FAX: (206) 543-2516 | TRADE PAYABLE | | $5,000.00 |

2

|  | (1)<br>Name of creditor | (2)<br>Name, telephone number and complete mailing address, including zip code, of employee agents, or department of creditor familiar with claim who may be contacted | (3)<br>Nature of claim (trade debt, bank loan, government, contract, etc.) | (4)<br>Indicate if claim is contingent, unliquidated, disputed or subject to set off | (5)<br>Amount of claim (if secured, the value of security) |
|---|---|---|---|---|---|
| 11. | OFFICE DEPOT | 6600 N MILITARY TRAIL<br>BOCA RATON, FL 45263-3211<br>ACCOUNTS RECEIVABLE<br>TEL: (800) 721-6592 | TRADE PAYABLE |  | $4,953.15 |
| 12. | PRINCIPAL LIFE INSURANCE COMPANY | ATTN:CINDY MC COY<br>711 HIGH STREET<br>DES MOINES, IA 50392<br>ACCOUNTS RECEIVABLE<br>TEL: (800) 986-3343 EXT. 2054<br>FAX: 515-247-5111 | TRADE PAYABLE |  | $4,716.23 |
| 13. | SERVICE BY MEDALLION | 455 NATIONAL AVENUE<br>MOUNTAIN VIEW, CA 94043<br>ROLAND STRICK, JR.<br>TEL: (650) 625-1010<br>FAX: (650) 625-1043 | TRADE PAYABLE |  | $4,480.00 |
| 14. | MARK MONITOR | 425 MARKET ST., 5TH FLOOR<br>SAN FRANCISCO, CA 94105<br>ACCOUNTS RECEIVABLE<br>TEL: (415) 278-8400<br>FAX: (415) 278-8444 | TRADE PAYABLE |  | $4,008.29 |
| 15. | FRG WASTE RESOURCES, INC | 100 DODD CT.<br>AMERICAN CANYON, CA 94503<br>ACCOUNTS RECEIVABLE<br>TEL: (877) 462-2576<br>FAX: (707) 647-2990 | TRADE PAYABLE |  | $3,536.21 |
| 16. | AT&T | 208 S. AKARD ST.<br>DALLAS, TX 75202<br>ACCOUNTS RECEIVABLE<br>TEL: (210) 821-4105 | TRADE PAYABLE |  | $3,276.06 |
| 17. | ZINIO SYSTEMS, LLC | 114 SANSOME STREET<br>4TH FLOOR<br>SAN FRANCISCO, CA 94104<br>ACCOUNTS RECEIVABLE<br>TEL: (415) 494-2751<br>FAX: (415) 494-2701 | TRADE PAYABLE |  | $3,023.45 |
| 18. | CRISPIN BOYER | 1923 BRAGG ST.<br>#140-2564<br>SANFORD, NC 27330 | TRADE PAYABLE |  | $2,750.00 |
| 19. | JEFF STOLLER | 1717 NORTH BAYSHORE DR<br>APT 4256<br>MIAMI, FL 33132<br>FAX: (516) 222-6209 | TRADE PAYABLE |  | $2,627.34 |
| 20. | BRANDVERITY, INC. | 705 2ND AVENUE # 510<br>SEATTLE, WA 98104<br>ACCOUNTS RECEIVABLE<br>TEL: (888) 500-3485<br>FAX: (206) 217-2201 | TRADE PAYABLE |  | $2,500.00 |
| 21. | PRETTY THINGS PRESS/MONDAY MORNING BOOKS | PO BOX 55<br>POINT REYES STATION, CA 94956<br>ACCOUNTS RECEIVABLE<br>TEL: (415) 669-7810 | TRADE PAYABLE |  | $2,500.00 |

NY 243260936v6

| | (1) Name of creditor | (2) Name, telephone number and complete mailing address, including zip code, of employee agents, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government, contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed or subject to set off | (5) Amount of claim (if secured, the value of security) |
|---|---|---|---|---|---|
| 22. | VACO SAN FRANCISCO, LLC | 5410 MARYLAND WAY SUITE 460 BRENTWOOD, TN 37027 ACCOUNTS RECEIVABLE TEL: (615) 324-8226 | TRADE PAYABLE | | $2,434.26 |
| 23. | VOLUME 11 MEDIA INC. | 902 E 5TH ST #203 AUSTIN, TX 78702 ACCOUNTS RECEIVABLE TEL: (512) 328-8300 FAX: (512) 462-1240 | TRADE PAYABLE | | $2,400.00 |
| 24. | FAHRENHEIT HEATING & AIR CONDITIONING INC. | CONDITIONING INC. 20371 PRAIRIE ST. SUITE 3 CHATSWORTH, CA 91311 ACCOUNTS RECEIVABLE TEL: 855-324-7247 FAX: 818-678-9374 | TRADE PAYABLE | | $2,200.00 |
| 25. | MEDINA'S CATERING | 3141 ALUM ROCK AVE SAN JOSE, CA 95127RIOS MEDINA JESUS | TRADE PAYABLE | | $2,715.00 |
| 26. | AVN MEDIA NETWORK, INC. | 9400 PENFIELD AVE CHATSWORTH, CA 91311 ACCOUNTS RECEIVABLE TEL: (818) 718-5788 FAX: (818) 718-5799 | TRADE PAYABLE | | $2,000.00 |
| 27. | FEDEX CORPORATION | PO BOX 660481 DALLAS, TX 75266-0481 ACCOUNTS RECEIVABLE TEL: (800) 622-1147 FAX: (800) 548-3020 | TRADE PAYABLE | | $1,800.10 |
| 28. | SARAH WALKER | 250 ROWAYTON AVE NORWALK, CT 06853 ACCOUNTS RECEIVABLE TEL: (347) 275-7541 | TRADE PAYABLE | | $1,590.00 |
| 29. | SPREAD ENTERTAINMENT, INC. | 1442 EDGECLIFFE DR LOS ANGELES, CA 90026 ACCOUNTS RECEIVABLE TEL: (310) 282-5945 | TRADE PAYABLE | | $1,500.00 |
| 30. | JOSHUA ROTHKOPF | 99 JORALEMON ST APT 1B BROOKLYN, NY 11201 ACCOUNTS RECEIVABLE | TRADE PAYABLE | | $1,400.0 |

4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRIENDFINDER NETWORKS INC. | Case No. 13-_____ ( ) |
| Debtor. | (Joint Administration Requested) |

**CERTIFICATION CONCERNING CONSOLIDATED LIST OF
CREDITORS HOLDING THIRTY (30) LARGEST UNSECURED CLAIMS**

The above-captioned debtor and debtor-in-possession (the "**Debtor**") hereby certifies under penalty of perjury that the consolidated *List of Creditors Holding the Thirty (30) Largest Unsecured Claims* (the "**Top 30 List**"), submitted herewith, is complete, and to the best of the Debtor's knowledge, correct and consistent with Debtor's books and records.

The information contained herein is based upon a review of the Debtor's books and records. However, no comprehensive legal and/or factual investigations with regard to possible defenses to any claims set forth in the consolidated Top 30 List have been completed. Therefore, the listing does not and should not be deemed to constitute: (1) waiver of any defense to any listed claims; (2) an acknowledgement of the allowability of any listed claims; and/or (3) a waiver of any other right or legal position of the Debtor.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 17th day of September, 2013.

Signature: /s/ Anthony Previte
By: Anthony Previte
Title: President and Chief Executive Officer

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FRIENDFINDER NETWORKS INC. | Case No. 13-_____ ( ) |
| Debtor. | (Joint Administration Requested) |

## STATEMENT ON LIST OF
## EQUITY SECURITY HOLDERS

The above-captioned case debtor and debtor-in-possession (the "**Debtor**") filed a petition in this court for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§101-1532. As soon as practicable, the Debtor will file a motion requesting a waiver or an extension of the requirement for filing a list of equity security holders pursuant to sections 105(a), 342(a), and 521(a)(1) of the title 11 of the United States Code, Rules 1007(a) and 2002(a), (f), and (1) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 1007-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

Dated: September 17, 2013

Signature: /s/ Anthony Previte
By: Anthony Previte
Title: President and Chief Executive Officer

38665-5
NY 243276324v3

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FRIENDFINDER NETWORKS INC.<br><br>Debtor. | Chapter 11<br><br>Case No. 13-_____ (   )<br><br>(Joint Administration Requested) |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Federal Rule Bankruptcy Procedure 1007(a)(1), the following are corporations, other than a governmental unit, that directly or indirectly own 10% or more of any class of the debtor's equity interests:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Andrew B. Conru Trust Agreement | 10% |
| Staton Family Investments, Ltd. | 11% |

## DECLARATION UNDER PENALTY OF PERJURY

I, the undersigned authorized officer of the FRIENDFINDER NETWORKS INC., the debtor in this case, declare under penalty of perjury that I have reviewed the foregoing and that it is true and correct to the best of my, information and belief.

Dated:  September 17, 2013

Signature: /s/ Anthony Previte
By: Anthony Previte
Title: President and Chief Executive Officer

38665-5
NY 243276324v3

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FRIENDFINDER NETWORKS INC.<br><br>Debtor. | Chapter 11<br><br>Case No. 13-_____ (   )<br><br>(Joint Administration Requested) |

## CERTIFICATION CONCERNING LIST OF ALL CREDITORS

The above-captioned debtor and debtor-in-possession (the "**Debtor**") hereby certifies under penalty of perjury that the *List of All Creditors,* submitted herewith, pursuant to Local Rule 1007-1(a) of the Local rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, formatted in portable document format, containing the consolidated list of creditors of the Debtors, is complete and to the best of the Debtor's knowledge, correct and consistent with Debtor's books and records.

The information contained herein is based upon a review of the Debtor's books and records. However, no comprehensive legal and/or factual investigations with regard to possible defenses to any claims set forth in the *List of All Creditors* have been completed. Therefore, the listing does not and should not be deemed to constitute: (1) waiver of any defense to any listed claims; (2) an acknowledgement of the allowability of any listed claims; and/or (3) a waiver of any other right or legal position of the Debtors.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 17th day of September, 2013.

Signature: /s/ Anthony Previte
By: Anthony Previte
Title: President and Chief Executive Officer

38665-5
NY 243276324v3