**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| EXITEXCHANGE CORP. | § | |
| | § | |
| Plaintiff, | § | |
| | § | Case No. 2:13-CV-396-JRG-RSP |
| v. | § | |
| | § | **LEAD CASE** |
| FRIENDFINDER NETWORKS, INC. et al. | § | |
| | § | |
| Defendants. | § | |

## SUBMISSION OF DISPUTED PROTECTIVE ORDER
## AND BRIEFING IN SUPPORT OF THE SAME

The parties in the above-captioned action hereby submit the attached proposed Protective

Order. The parties are in agreement on all matters other than Paragraphs 22 and 23. The parties

have included both proposals for the Court's review.

### *Plaintiff's Position*

The parties disagree on five aspects related to the definition of "Prosecution Activity"

and the "Prosecution Bar" language. With regard to the definition of "Prosecution Activity" the

parties disagree (1) whether for the avoidance of doubt that preparing a nonobviousness analysis

of the prior art as compared to the claims of a patent could be prosecution activity. With regard

to the "Prosecution Bar" language the parties disagree (2) whether the prosecution bar should

extend to reexaminations; (3) whether the prosecution bar should be imputed to all members of

the firm, including those who do not even receive protected materials; (4) whether the

prosecution bar should be limited to one year or five years; and (5) whether the mere fact that a

first attorney sends prior art to a second attorney, where the second attorney is involved in

Prosecution Activity could be construed as involvement by the first attorney in Prosecution

Activity.

1

Taking the second issue first (i.e., (2) whether the prosecution bar should extend to reexaminations), Defendants seek to impose an undue burden on Plaintiff by requiring that its litigation counsel, including the entire firms of the litigation counsel, be walled off from its reexamination prosecution counsel.  Plaintiff's view is that Defendants' maneuver would work a severe prejudice on Plaintiff and place Plaintiff at a significant disadvantage if its litigation and prosecution counsel may not include the same attorneys and are not able to coordinate their efforts in defending the patent-in-suit.

Plaintiff's proposed "prosecution activity" and "prosecution bar" is consistent with the principles set forth by the Federal Circuit in *In re Deutsche Bank Trust Co. Americas LLC*, 605 F.3d 1373 (Fed. Cir. 2010).  Also, recent case law in this district favors Plaintiff's position.  *See, e.g.*, *Geotag, Inc. v. Frontier Communications Corp.*, 2013 U.S. Dist. LEXIS 25774 * 265-68 (E.D. Tex. January 7, 2013); *Mirror Worlds, LLC v. Apple, Inc.*, 2009 U.S. Dist. LEXIS 70092 (E.D. Tex. August 11, 2009); *Document Generation Corp. v. Allscripts, LLC*, 2009 U.S. Dist. LEXIS 52874 (E.D. Tex. June 23, 2009).

In a reexamination proceeding claims can only be narrowed, not broadened, and given the large number of defendants in this case, it is disadvantageous for the Plaintiff to seek to narrow its claims in the pending reexaminations of the asserted patent to cover any single defendant at the risk of excluding the remaining accused infringers.  Also, it would be extremely burdensome for the Plaintiff to retain two separate sets of counsel, namely, one set of counsel as litigation counsel and a different set of counsel as reexamination counsel for the currently pending reexaminations.   Further, litigation counsel is <u>prohibited from using "Protected Material" … "for any purpose whatsoever"</u>, and accordingly the Defendants already have the protections they seek under the protective order because purposely using such material would

2

violate the terms of the protective order. (emphasis added). See, *Mirror Worlds, LLC v. Apple, Inc.*, 2009 U.S. Dist. LEXIS 70092 (E.D. Tex. August 11, 2009), and, paragraph 8, undisputed portion of the proposed protective order. Accordingly, Plaintiff's litigation counsel should not be prohibited from participating in reexaminations.

Now referring to the first issue (i.e., (1) whether for the avoidance of doubt that preparing a nonobviousness analysis of the prior art as compared to the claims of a patent could be prosecution activity), it would be burdensome at best, to extend the prosecution bar to even the routine activity of preparing a nonobviousness analysis. Further, the Defendants agree that "preparing an analysis of prior art as compared to the claims of a patent" is not Prosecution Activity, but yet for some reason consider preparing a nonobviousness analysis to be somehow different. Accordingly, "preparing a nonobviousness analysis as compared to the claims of a patent" should not be considered prosecution activity.

Next referring to the third issue (i.e., (3) whether the prosecution bar should be imputed to all members of the firm, including those who do not even receive protected materials), it is highly prejudicial to extend the prosecution bar to all firms representing the Plaintiff. Further, the Defendant's seek not only to impart the prosecution bar against those who review such Highly Sensitive Materials, but also to everyone in the firm if anyone in the firm even merely "receives" High Sensitive Material. The Prosecution Bar already includes an "Ethical Wall" (see paragraph 23(a)) which alleviates the apparent concerns of the Plaintiff. Accordingly, the Prosecution Bar should only include those attorneys who receive and review "Highly Sensitive Material".

Next referring to the fourth issue (i.e., (4) whether the prosecution bar should be limited to one year or five years), it is unnecessary to extend the prosecution bar for 5 years.

Accordingly, the Prosecution Bar should be limited to 1 year as proposed by the Plaintiff.

Next referring to the fifth issue (i.e., (5) whether the mere fact that a first attorney sends prior art to a second attorney, where the second attorney is involved in Prosecution Activity shall be construed as involvement by the first attorney in Prosecution Activity), it is difficult to envision that merely sending "prior art", which is typically public by nature, to a second attorney involved in Prosecution Activity would be detrimental to the Defendants.   In some cases, the attorney may a duty to disclose such prior art to the patent office in the pending reexaminations. Seemingly, the Defendants are attempting to set up a situation where they are able to assert prior art in the litigation to invalidate the patent, while at the same time prohibiting the disclosure of such prior art to the patent office in the currently pending reexaminations so that the patent office can't consider such prior art.   Accordingly, the clarification of 21(d) should be included as proposed by the Plaintiff.

Based on the foregoing, Plaintiff respectfully submits that Defendants cannot discharge their burden of showing good cause for their proposed restriction that Plaintiff's counsel be prevented from participation in reexamination regarding the patent-in-suit.

### ***Defendants' Position***

**Defendants' Proposed Prosecution Bar Language Paragraphs 22 and 23:**

> 22.    **Prosecution Activity.**  Prosecution Activity shall mean: (1) prepare or otherwise aid in the drafting of patent claim(s) on behalf of a patentee or assignee of patentee's rights; and (2) for a patent application, reissue, on behalf of the patentee or assignee of patentee's rights, provide advice, counsel or suggestions regarding claim scope and/or language, embodiment(s) for claim coverage, claim(s) for prosecution, or products or processes for coverage by claim(s).  For the avoidance of doubt, preparing an analysis of prior art as compared to the claims of a patent would not be Prosecution Activity.   For the avoidance of doubt, prosecution activity includes reexamination proceedings and other post-grant proceedings.

23.   **Prosecution Bar.**

(a)     Plaintiff shall create an "Ethical Wall" between those
persons with access to another party's Protected Material that is
designated CONFIDENTIAL -- OUTSIDE ATTORNEYS' EYES
ONLY -- SOURCE CODE and/or technical Protected Material
designated CONFIDENTIAL – ATTORNEYS' EYES ONLY that is
less than ten (10) years old (collectively "Highly Sensitive Material"),
and any individuals who, on behalf of Plaintiff or its acquirer,
successor, predecessor, or other affiliate, prepare, prosecute, supervise
or assist in the preparation or prosecution of any patent application
pertaining to the field of invention of the patent-in-suit.  For the
avoidance of doubt, the prosecution bar includes reexamination
proceedings.

(b)     Any attorney or firm representing Plaintiff, whether
in-house or Outside Counsel, and any person associated with Plaintiff
and permitted to receive another Producing Party's Highly Sensitive
Material, who receives, in whole or in part, the contents of Highly
Sensitive Material produced by another Producing Party may not
prepare, prosecute, supervise, or assist in the preparation or
prosecution of any patent application on behalf of any entity, whether
party to this action or not (other than on behalf of the Producing Party
who produced the Highly Sensitive Material at issue) pertaining to the
field of the invention of the patent-in-suit.  The above prohibitions
shall continue for the field of the invention of the patent-in-suit during
the pendency of this Action and including five (5) years following
either the entry of a final non-appealable judgment or order, or the
complete settlement of all claims against the Producing Party or
Producing Parties whose Highly Sensitive Material was received or
reviewed, or five (5) years following the withdrawal from the
litigation by an attorney, whichever is earlier.  For the avoidance of
doubt, the prosecution bar includes reexamination proceedings and
other post-grant proceedings.

(c)     The prosecution bar described herein shall be imputed
to partners, associates, or other colleagues of a person who are subject
to the prosecution bar and who did not receive any Highly Sensitive
Material.  For the avoidance of doubt, the prosecution bar includes
reexamination proceedings and other post-grant proceedings.

## BRIEF IN SUPPORT OF DEFENDANTS' POSITIONS CONCERNING PROPOSED PROSECUTION BAR

### I.    INTRODUCTION

In this lawsuit, Plaintiff has asserted U.S. Patent No. 7,353,229 B2 (the "'229 Patent") against Defendants.  The '229 Patent claims priority to a provisional application No. 60/207,698 (the "'698 Provisional").  The '698 Provisional is also subject to a priority claim by U.S. Patent 7,386,555 (the "'555 Patent") and U.S. Patent Application No. 13/295,578 filed on November 14, 2011 (the "'578 Application").  Consequently, the '229 Patent, '555 Patent, and '578 Application relate to similar subject matter and belong to the same "family."

The '229 Patent is currently subject to an *ex-parte* reexamination proceeding filed on September 11, 2012.  Additionally, the '555 Patent is subject to two reexamination proceedings: an *ex parte* reexamination filed on June 8, 2012 and an *inter partes* reexamination filed on September 14, 2012.  In all of these prosecution proceedings, including prosecution of the '578 Application, Plaintiff is represented by the law firm Chernoff Vilhauer LLP.  While no Chernoff Vilhauer attorneys have filed a notice of appearance in this case, that firm has been acting as lead counsel for Plaintiff, and has appeared in the signature blocks of Plaintiff's original complaints. *See, e.g.*, Dkt. No. 1 at p. 5.

There is no dispute that a prosecution bar is appropriate in this case.  *See In re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373, 1381 (Fed. Cir. 2010).  Plaintiff's counsel is indisputably involved in prosecution activities related to the patent in suit and other related patents and applications.  And Defendants will be called upon in this case to disclose confidential technical information of the highest order, including their respective source code, as acknowledged in the agreed provisions of the proposed protective order.

Although the parties agree that a prosecution bar is needed, they have not been able to agree upon three key features of the proposed prosecution bar: (1) whether the bar should extend to any reexamination proceedings; (2) the appropriate duration of the of the bar; and (3) whether the bar should be limited only counsel who has physically reviewed Defendants' confidential information.   Defendants' request that the Court adopt their proposed protective order for the reasons explained below.

## II.    ARGUMENT AND AUTHORITIES

### A.    The Prosecution Bar Should Encompass Reexamination Proceedings

Defendants' proposed prosecution bar applies to reexamination proceedings related to the '229 Patent family.  Conversely, Plaintiff asserts that these reexamination proceedings should be exempt.

The danger of simultaneously allowing counsel to redraft patent claims in reexamination while enjoying access to Defendants' confidential information has been well documented.  *See, e.g.*, *EPL Holdings, LLC v. Apple Inc.*, No. C–12–04306, 2013 WL 2181584 at *3-4 (N.D. Cal. May 20, 2013) (granting prosecution bar from "assisting in any crafting or amendment of patent claims" in reexamination); *Datatrak Intern., Inc. v. Medidata Solutions, Inc.*, No. 1:11 CV 458, 2011 WL 3652444 at *3 (N.D. Ohio Aug. 19, 2011) (granting prosecution bar over reexamination proceedings because of danger of inadvertent disclosure); *Bear Creek Techs. Inc. v. Verizon Servs. Corp.*, No. 12–md–2344, 2012 WL 3190762 at *2-3 (D. Del. Jul, 25, 2013) (denying Plaintiff's motion to exempt reexamination proceedings from prosecution bar).

In the absence of a prosecution bar, Defendants face the danger that patent claims will be modified or created during a reexamination with the benefit of confidential information and source code produced during litigation.  In this case, that danger is compounded because it exists

7

with respect to the patent-in-suit, as well as an unasserted patent.   While this Court may be empowered to carefully police the reexamination activities in light of the case (and patent) before it, the reexaminations of the '555 Patent remains beyond the Court's purview.   Thus, the real danger exists that Defendants will be, sometime in the future, and in a separate forum, called to defend patent claims artfully drafted with the benefit of Defendants' own confidential information.   This is an unacceptable risk for Defendants, and one that is easily ameliorated through the prosecution bar that Defendants' have proposed.

Plaintiff may argue that this danger assumes impropriety on the part of its litigation counsel.   It does not.   Patent claims are drafted, or redrafted, with the benefit of Defendants' confidential information regardless of whether counsel intends to improperly use the information.   The danger exists as a consequence of Plaintiff's counsels' access to Defendants' confidential information.   Furthermore, as discussed below, the danger also exists, not simply with counsel prosecuting the reexamination, but also with any attorney who participates in analysis, dialogue, or discussion of the patents with the prosecuting attorney after having the benefit of viewing Defendants' confidential documents.   As the saying goes, "you can't unscramble scrambled eggs."   Similarly, once counsel is given the benefit of Defendants confidential information, his perspective has been forever altered.   *See In re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373, 1378 (Fed. Cir. 2010) ("It is very difficult for the human mind to compartmentalize and selectively suppress information once learned, no matter how well-intentioned the effort may be to do so.") (internal quotations omitted).   Thus, the unintentional, and inevitable, use of Defendants' confidential information in the redraft of patent claims during reexamination is the true danger mitigated by Defendants' proposed prosecution bar.

The circumstances presented in this case is highly distinguishable from other opinions in this district limiting the scope of prosecution bars.  For example, in *Mirror Worlds, LLC v. Apple, Inc.*, 6:08-cv-88 Dkt No. 107 (E.D. Tex. Aug. 11, 2009), in denying a request to bar litigation counsel from reexamination proceedings, Judge Davis relied on Plaintiff's stipulation that litigation counsel: (1) would not participate in prosecuting reexaminations; (2) would not reveal confidential information to any reexamination counsel; and (3) would not use Defendants' confidential information for any purpose other than litigation.

Here, in contrast, Plaintiff has made no such stipulations, and in fact, argues that litigation counsel *should be* involved in prosecuting reexamination proceedings.  Additionally, Judge Davis's analysis in *Mirror Worlds* was premised on the inequities involved when Plaintiff's litigation counsel had received confidential documents and was subject to a prosecution bar *prior to* the filing of reexamination proceedings.  *Mirror Worlds* at p. 1, 3.  This case presents the exact opposite situation.  The unfairness perceived in *Mirror Worlds* is absent here because Plaintiff has the opportunity to secure counsel uninvolved in prosecution activities prior to receiving confidential documents in this case.

In addition, Magistrate Judge Love expressed concerns similar to those in *Mirror Worlds* in denying a blanket prosecution bar, including reexaminations, on litigation counsel in *Document Generation Corporation v. Allscripts, LLC*  6:08-cv-479 at Dkt. No. 23 (E.D. Tex. June 22, 2009).  However, *Document Generation* specifically noted that the circumstances would have been different had Defendants "identified particular concerns or reexamination proceedings at issue other than the reexamination[]" of the patents at issue in that case.  *Document Generation,* at p. 5 n. 2.   Here there exists an outstanding patent application and two reexamination proceedings—all involving patent claims (or inchoate patent claims) unasserted in

this case—currently pending and prosecuted by Plaintiff's litigation counsel.  In other words, the circumstances here are precisely those indicated by Judge Love as potentially warranting a prosecution bar on reexamination proceedings.

Accordingly, Defendants' proposed prosecution bar should be adopted.

**B.     The Prosecution Bar Should Persist For At Least Five (5) Years Following Termination of This Litigation.**

Considering the currently-pending prosecution activities encompassing both the Patent-in-Suit and its related family of patents and applications, Defendants contend that the appropriate duration of the prosecution bar is five years.  The '578 Application was filed on November 14, 2011, the '229 Patent reexamination was filed on September 11, 2012, and the two reexamination applications for the '555 Patent were filed on June 8 and September 14, 2012 respectively.   Proceedings involving these applications, in all likelihood, will continue for several more years.

According to the most current U.S. Patent Office statistics, the average pendency for a utility patent application is 32.4 months, and the average pendency for a patent in the field of "Computer Architecture, Software & Information Security," the general field of the '229 Patent family, is 37.5 months.[1]  In addition, if the '578 Application is granted—a process which itself could take several more years—then the term of the resulting patent will likely last another decade, with opportunities for the patentee to modify the claims through reissues and further continuations.

In short, Plaintiffs' ability to draft patent claims associated with the '229 Patent family will extend years into the future.  Plaintiff's ability to draft those claims in view of Defendants'

---

[1] USPTO Performance and Accountability Report at p. 177, available at http://www.uspto.gov/about/stratplan/ar/USPTOFY2012PAR.pdf

confidential information, regardless of the final disposition of this case, is limited only by the memory of their litigation counsel having intimately reviewed Defendants' confidential information.   In light of the now-pending status of the '578 Application and the three reexamination proceedings, a prosecution bar extending five years following final disposition of this case is more than reasonable.

     **C.**    **The Prosecution Bar Should Encompass All Attorneys at Chernoff Vilhauer, LLP**

     Defendants have proposed a prosecution bar that would extend to all attorneys working for Plaintiff's lead litigation (and prosecution) counsel, Chernoff Vilhauer, LLP (should any attorneys at the firm initially choose to view Defendants' confidential information), regardless of whether the attorney personally reviewed Defendants' confidential material.   The weight and scope of this request is not lost on Defendants.   Nevertheless, such a bar is warranted in this situation.   The Federal Circuit has held that   a "party seeking an exemption from a patent prosecution bar must show on a counsel-by-counsel basis: (1) that counsel's representation of the client in matters before the PTO does not and is not likely to implicate competitive decision making related to the subject matter of the litigation so as to give rise to a risk of inadvertent use of confidential information learned in litigation, and (2) that the potential injury to the moving party from restrictions imposed on its choice of litigation and prosecution counsel outweighs the potential injury to the opposing party caused by such inadvertent use." *See In re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373 at 1381 (Fed. Cir. 2010).   Plaintiff cannot meet this burden here.

     Chernoff Vilhauer LLP is a small law firm composed of eleven lawyers, all of whom are admitted to practice before the U.S. Patent and Trademark Office.[2]   The firm has one office.[3]   It

---

[2] http://www.chernofflaw.com/Professionals.aspx

boasts that the entire firm works to enforce patents, and each lawyer in the firm has both a technical degree and law degree to "keep current with emerging technologies."[4]   Chernoff Vilhauer LLP, as a whole, is listed as the prosecuting firm with respect to the prosecution proceedings for the '229 Patent, '555 Patent, and '578 Application.   Within such a close environment, the erection of a so-called, "ethical wall" between litigation and prosecution counsel is functionally impossible.   No protective order provisions can effectively bar a close-knit group of attorneys, analyzing related patent claims in related contexts, from sharing thoughts, ideas, and information.   Again, the danger of inadvertent use of Defendants' confidential information in the prosecution context is extremely high, even when a Chernoff Vilhauer, LLP prosecuting attorney has not directly seen Defendants' confidential documents.

Given the existence of four currently-pending prosecution proceedings involving the '229 Patent family, and the pendency of this litigation, it is highly likely—if not necessary—that the litigation and prosecution duties of Chernoff Vilhauer lawyers will comingle.   *See, e.g. In re Deutshe Bank*, 605 F.3d at 1380 (reciting the long list of activities comprising "substantial engagement" in prosecution activities).   Lawyers will share thoughts, analysis, and suggestions, some of which will have the benefit of Defendants' confidential documents.   As such, the only effective patent bar, as proposed by Defendants, must be imputed to all attorneys at Chernoff Vilhauer, LLP, regardless of whether they have themselves viewed Defendants' confidential information.

## II.   CONCLUSION

In light of the foregoing, Defendants respectfully pray that the court adopt Defendants'

---

[3] http://www.chernofflaw.com/Contact.aspx

[4] http://www.chernofflaw.com/about-us

proposed protective order including a prosecution bar that (1) extends to reexamination proceedings involving related patents; (2) has a term extending to five years following final disposition of this litigation; and three (3) extends to all attorneys at Chernoff Vilhauer, LLP, should any attorneys in that law firm chose to view Defendants' confidential information.

Dated: September 26, 2013                    Respectfully submitted,

                                             By:  /s/ Andrew W. Stinson

                                             Frank M. Gasparo (Admitted Pro Hac Vice)
                                             Venable LLP
                                             1270 Avenue of the Americas
                                             Twenty-Fourth Floor
                                             New York, New York 10020
                                             Telephone:  (212) 307-5500
                                             Facsimile:  (212) 307-5598
                                             fmgasparo@venable.com

                                             Andrew W. Stinson
                                             State Bar No. 24028013
                                             RAMEY & FLOCK PC
                                             100 East Ferguson, Suite 500
                                             Tyler, Texas 75702
                                             Telephone:  (903) 597-3301
                                             Facsimile:  (903) 597-2413
                                             astinston@rameyflock.com

                                             Tamany Vinson Bentz (Admitted Pro Hac Vice)
                                             Venable LLP - Los Angeles
                                             2049 Century Park East, Suite 2100
                                             Los Angeles, CA 90067
                                             Telephone:  (310) 229-9900
                                             Facsimile:  (310) 229-9901
                                             tjbentz@venable.com

                                             ATTORNEYS FOR DEFENDANTS MANWIN
                                             USA, INC. and MANWIN D.P. CORP.

Dated: September 26, 2013                    Respectfully submitted,

                                             By:  /s/ David S. Richman

13

David S. Richman
Theodora Oringher PC
10880 Wilshire Boulevard, Suite 1700
Los Angeles, CA 90024
Telephone:  (310) 557-2009
Facsimile:  (310) 551-0283
drichman@tocounsel.com

ATTORNEYS FOR DEFENDANT
MOTHERLESS, INC.


Dated: September 26, 2013                    Respectfully submitted,

                                             By:  */s/ Andrew W. Stinson*

                                             Valentin Gurvits (Admitted Pro Hac Vice)
                                             Matthew Shayefar (Admitted Pro Hac Vice)
                                             Boston Law Group, PC
                                             825 Beacon Street, Suite 20
                                             Newton Centre, Massachusetts 02459
                                             Telephone:  (617) 928-1800
                                             Facsimile:  (617) 928-1802
                                             vgurvits@bostonlawgroup.com
                                             matt@bostonlawgroup.com

                                             Andrew W. Stinson
                                             State Bar no. 24028013
                                             Ramey & Flock, P.C.
                                             100 East Ferguson, Suite 500
                                             Tyler, Texas 75702
                                             Telephone: (903) 597-3301
                                             Facsimile: (903) 597-2413
                                             astinson@rameyflock.com

                                             ATTORNEYS FOR DEFENDANTS
                                             LEMURIA COMMUNICATIONS, INC.
                                             and WZ COMMUNICATIONS, INC.


Dated: September 26, 2013                    Respectfully submitted,

                                             By:  */s/ Robert James McAughan, Jr.*

                                             Robert James McAughan, Jr
                                             Sutton McAughan Deaver PLLC
                                             3 Riverway, Suite 900

14

Houston, TX 77056
Telephone:  (713) 800-5700
Facsimile:  (713) 800-5699
bmcaughan@smd-iplaw.com

ATTYORNEYS FOR QUASAR DATA
CENTER, LTD.


Dated: September 26, 2013                    Respectfully submitted,

                                             By:  */s/ John M. Jackson*_____

                                             John M. Jackson
                                             Matthew C. Acosta
                                             Nathaniel St. Clair
                                             Jackson Walker - Dallas
                                             901 Main Street, Suite 6000
                                             Dallas, TX 75202-4207
                                             Telephone: (214) 953-6109
                                             jjackson@jw.com
                                             macosta@jw.com
                                             nstclair@jw.com

                                             David Folsom
                                             Jackson Walker LLP
                                             6004 Summerfeld Drive
                                             Texarkana, TX 75503
                                             Telephone:  (903) 255-3251
                                             Facsimile:  (903) 255-3266
                                             dfolsom@jw.com

                                             ATTYORNEYS FOR TRAVELOCITY.COM LP,
                                             TRIPADVISOR LLC, and KAYAK SOFTWARE
                                             CORPORATION


Dated:  September 26, 2013                    By: /s/ Elizabeth L. DeRieux

                                             Susan D. Pitchford
                                             (To Be Admitted Pro Hac Vice)
                                             Kevin L. Russell
                                             (To Be Admitted Pro Hac Vice)
                                             CHERNOFF VILHAUER LLP
                                             601 SW Second Avenue
                                             Suite 1600
                                             Portland, OR 97204

15

Telephone: (503) 227-5631
Facsimile: (503) 278-4373
Email: sdp@chernofflaw.com
Email: Kevin@chernofflaw.com

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
Jeffrey D. Rambin
State Bar No. 00791478
CAPSHAW DERIEUX, L.L.P.
114 E. Commerce Ave.
Gladewater, Texas 75647
Telephone: (903) 236-9800
Facsimile: (903) 236-8787
Email: ccapshaw@capshawlaw.com
Email: ederieux@capshawlaw.com
Email: jrambin@capshawlaw.com

ATTORNEYS FOR PLAINTIFF
EXITEXCHANGE, CORP.

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Plaintiff conferred with counsel for Defendants, and this submission is joint.

/s/ Elizabeth L. DeRieux

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 26th day of September, 2013, with a copy of this document via electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ Elizabeth L. DeRieux

16