IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| EXITEXCHANGE CORP. | § § | |
| Plaintiff, | § § | Case No. 2:13-CV-396-JRG-RSP |
| v. | § § | **LEAD CASE** |
| FRIENDFINDER NETWORKS, INC. et al. | § § | |
| Defendants. | § § | |

**PROTECTIVE ORDER**

The parties, by and through their respective counsel, have agreed to this Protective Order to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure.

The parties to this litigation contend that public dissemination and disclosure of Confidential and/or Confidential Attorneys' Eyes Only Information (as defined below) could severely injure or damage the party disclosing or producing the Confidential and/or Confidential Attorneys' Eyes Only Information and could place that party at a competitive disadvantage.

**IT IS THEREFORE ORDERED THAT:**

1. **Confidential Designation.** Confidential Information shall mean all information or material which is produced for or disclosed to a receiving party by a producing party (including any party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or court order) that constitutes confidential or proprietary technical, scientific, or business information that is not generally known, that would not normally be revealed to third parties, for which its disclosure would be detrimental to the conduct of the designating party's business, and which is not included in the exceptions to eligibility identified below. Any Confidential Information obtained by any party from any person pursuant to discovery in this litigation may be used only for purposes of litigation of this matter.

2. **Confidential Attorneys' Eyes Only Designation.** Confidential Attorneys' Eyes Only Information shall include information that constitutes proprietary financial or technical or commercially sensitive competitive information that the producing party maintains as highly confidential in its business, including information obtained from a non-party pursuant to a current Nondisclosure Agreement ("*NDA*"), information relating to future products not yet commercially released, strategic plans, code, technical documents that would reveal trade secrets, and settlement agreements or settlement communications, the disclosure of which, if disclosed to the receiving party, would create a substantial risk of harm to the competitive position of the producing party.

PROTECTIVE ORDER - 1

3. **Protected Material.** Documents, discovery responses and other information containing Confidential Information or Confidential Attorneys' Eyes Only Information disclosed or produced by a producing party in this litigation are referred to as "***Protected Material***." Protected Material and any information contained therein shall be used solely for the prosecution of this litigation.

4. **Exceptions to Eligibility for Designation.** Protected Material shall not include the following:

 (a) documents or information that the disclosing party has submitted to any governmental entity without request for confidential treatment;

(b) documents or information that, at the time of the disclosure hereunder, were generally known to the public, or the document containing the information is already in the public record by publication or otherwise;

(c) documents or information that, since the time of disclosure hereunder, have become, through no act or failure to act by the receiving party, part of the public domain by publication or otherwise;

(d) documents or information that, at the time of disclosure, were already in the possession of the receiving party and were not acquired directly or indirectly from the producing party or from any third party under obligation of confidence to the producing party;

(e) documents or information that, after disclosure hereunder, were acquired by the receiving party from a third party lawfully possessing the same and having no obligation to the producing party; and

(f) documents or information that the disclosing party agrees may be disclosed to a third party under no obligation of confidentiality.

5. **Marking**. The designation of Protected Material shall occur by visibly marking it as "Confidential" or "Confidential-Attorneys' Eyes Only" (or suitable substitutes such as "Highly Confidential – Counsel's Eyes Only"). Counsel shall agree on a mutually acceptable manner for the identification of protected information that cannot be readily or easily marked in a visible manner.

6. **Production of Originals for Inspections**. If the recipient of produced documents has a good faith basis for seeking to inspect original documents either after receiving copies of them or before deciding whether to obtain a copy of some or all of them, the recipient shall request such an inspection, and the producing party shall make reasonable and good faith efforts to produce original files and records for inspection. No confidential marking need be made by the producing party in advance of the inspection. For purposes of the inspection, all documents within the produced files and records shall be considered "Confidential-Attorneys' Eyes Only." When the recipient has designated which documents it wants copied, the producing party shall mark the originals (or, at its option, copies for production) of such documents with appropriate "Confidential" or "Confidential-Attorneys' Eyes Only" designations before copies are made for the inspecting party.

7. **Challenges to Designation.** At any time after the delivery of Protected Material, the party or parties receiving the Protected Material may challenge the Confidential or Confidential Attorneys'

PROTECTIVE ORDER - 2

Eyes Only designation of all or any portion thereof by providing written notice thereof to the party disclosing or producing the Protected Material.  The parties will engage in a good faith effort to try to resolve the dispute on an informal basis.  If the parties are unable to resolve the dispute informally, the party or parties receiving the Protected Material may apply to the Court for relief.  The party or parties producing the Protected Material shall have the burden of establishing that the disputed Protected Material is entitled to confidential treatment. All Protected Material is entitled to confidential treatment pursuant to the terms of this Protective Order until and unless the parties formally agree in writing to the contrary, or a determination is made by the Court material is not entitled to confidential treatment.

8.     **Confidential Treatment.** Protected Material and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

9.     **Access to Confidential Materials.**     Protected Material and any information contained therein shall be disclosed only to the following persons ("*Qualified Persons*"):

   (a) Counsel of record in this action for the party or party receiving Protected Material or any information contained therein;

   (b) Employees of such counsel assigned to and necessary to assist such counsel in the preparation and trial of this action;

   (c) Litigation support vendors retained by counsel including jury consultants, mock jurors, graphics consultants, mediators, translators, document duplication providers, coding, imaging or scanning service providers;

   (d) Testifying and consulting experts (but only after meeting the requirements set forth in Paragraph 11) and the employees, contractors, assistants, or students working under the supervision of such experts;

   (e) The Court, its personnel, jurors, and court reporters, stenographers and videographers transcribing or recording testimony at depositions, hearings or the trial of this action.

   (f) Four designated employees of each of the parties can receive Protected Material (excluding Confidential Attorneys' Eyes Only and Confidential Attorneys' Eyes Only - Source Code information), so long as the employee has executed the undertaking set forth in Exhibit B.

   (g) Persons identified in the Protected Material as an author of the document in part or in whole, or persons to whom a copy of such Protected Material was sent or that reviewed such Protected Material prior to its production in this action; and

   (h) Any other person with the prior written consent of the producing party.

10.    **Disclosure in Certain Circumstances.** Nothing in this Order shall preclude a party or its attorneys from:

PROTECTIVE ORDER - 3

(a) showing a document designated as Protected Material to an individual who appears to have been an author or recipient of the Protected Material, as evident from its face or reasonably certain in view of other testimony or evidence;

(b) disclosing or using, in any manner or for any purpose, any information or documents from the party's own files that the party itself has designated as Protected Material; or

(c) examining at trial or deposition any person currently employed by a party or retained as an expert by a party concerning any Discovery Materials designated by that party as Protected Materials.   The showing to a deponent of Protected Material pursuant to this paragraph shall not otherwise affect the status and treatment of such Protected Material.

11. **Approval of Proposed Experts and Consultants.**

   (a) Testifying and consulting experts ("Experts") may receive Protected Material only after the following conditions have been satisfied:

   (i) the proposed Expert has executed an agreement to abide by the Protective Order in the form attached hereto as Exhibit A;

   (ii) the executed Agreement, the proposed Expert's curriculum vitae (including his/her business address, business title, business or profession), identification of the individual's previous or current relationship (personal or professional) with any of the parties, a list of other cases in which the individual has testified (at trial or deposition) within the last four years, and a list of all companies with which the individual has consulted or by which the individual has been employed within the past six years, have been served on all parties; and

   (iii) the parties have approved of the proposed Expert, or the Court has ruled that the proposed Expert may receive Protected Material.

   (b) A producing party shall have seven (7) calendar days from the date of facsimile or electronic mail service of the materials and information served pursuant to Paragraph 11(a) to object to a proposed Expert.  Such objection must be for good cause based on that party's good faith belief that disclosure of its Protected Material to the Expert substantially risks non-trivial competitive business or economic harm to that party (under any safeguards proposed if the Expert is allowed access).  Such objection must state with particularity the reasons for the objection and must describe with particularity the harm risked by the disclosure of the Protected Materials, and must be in writing served on all parties.  Failure to object within the period referenced in this Paragraph shall constitute approval.  If a written notice of objection is served, no Protected Material of the producing party shall be disclosed to the proposed Expert until the objection is resolved by agreement or by an order of the Court.

   (c) The objecting producing party shall have the burden of demonstrating by a preponderance of the evidence why the proposed expert or consultant should not be permitted to receive Protected Material.

12.     The term "*copy*" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

13.     **Litigation Attorney's Communications with Clients.** This Order shall not bar or otherwise restrict any attorney of record from rendering advice to his or her client with respect to this litigation, and referring to or relying generally upon his or her examination of documents or information designated as Protected Discovery Material, provided, however, that in communicating with his or her client, the attorney shall not disclose the content or source of such Protected Discovery Material contrary to the terms of this Order.

14.     **Third Parties.** Any non-party, whether an individual or an entity, from whom discovery is sought will automatically obtain the protection of this Protective Order.

15.     **Use of Protected Material in Depositions.**    Protected Material may be used during the deposition of any witness who otherwise is permitted access to such material pursuant to the terms of this Order.  With respect to all other deponents, such material may be used to examine a witness in any deposition only with the prior consent of the designating party (which consent shall not be unreasonably withheld); in the absence of prior consent, such use may only be by court order.  Showing Protected Material to a deponent pursuant to this paragraph shall not otherwise affect the status and treatment of such Protected Material.  If a designating party withholds consent to disclose Protected Material to a deponent during a deposition, the party seeking disclosure may move the Court for an appropriate order.  The designating party shall have the burden of demonstrating that the Protected Material is entitled to protection; the party seeking disclosure shall have the burden of demonstrating the need for disclosure to the particular deponent.

16.     **Use of Protected Material in Court Proceedings.**    Protected Material may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives reasonable advance notice to counsel for the party or person that designated the information as Protected Material.  Before such materials are disclosed, any party or third-person may move the Court for an order that the evidence be received in camera or under other conditions to prevent public disclosure.  The Court will then determine whether the proffered evidence should continue to be treated as confidential information and, if so, what protection, if any, may be afforded to such information at the trial or hearing.

17.     **Court Reporters.**    Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all "confidential" information designated as such under this Protective Order shall remain "confidential" and shall not be disclosed by them, except pursuant to the terms of this Protective Order, and that any notes or transcriptions of such of documents or information designated as Protected Discovery Material, provided, however, that in communicating with his or her client, the attorney shall not disclose the content or source of such Protected Discovery Material contrary to the terms of this Order.

18.     **Designation of Deposition Transcripts.**        A party or third-party deponent may designate deposition testimony that qualifies as Confidential or Confidential-Attorneys' Eyes Only under this order by identifying on the record, before the close of the deposition, such testimony. Such Party or non-Party may also invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days from receipt of the deposition transcript to identify in writing the specific portions

PROTECTIVE ORDER - 5

of the testimony as to which protection is sought and to specify the appropriate confidential designation. If the 20 day period is invoked during a deposition, all the deposition testimony shall be treated as if it were designated "Confidential-Attorneys' Eyes Only" until the 20 day period has passed.

19.     **Inadvertent Production.**    Inadvertent or unintentional production of documents or information containing Confidential and/or Confidential Attorneys' Eyes Only Information which are not designated "confidential" shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Additionally, the inadvertent or unintentional production of documents containing privileged information shall not be deemed to waive any privileges. Upon learning of the inadvertent or unintentional production of a document or information which a party believes should not have been produced because of a privilege, the producing party must request return of such document or information within twenty-one (21) calendar days so as to not waive any privileges.

20.     **Filing Under Seal.**    If a party intends to file with the Court any documents constituting or containing any Protected Material designated as Confidential Information or Confidential Attorneys' Eyes Only Information, that party shall take all steps necessary to file such documents under seal, following the procedure required by Local Rule CV-5(a)(7).

21.     **Source Code.**  To the extent production of computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, other translator, or other data processing module ("*Source Code*") becomes necessary to the prosecution or defense of the litigation, a producing party may designate Source Code as "Confidential Attorneys' Eyes Only - Source Code" if it comprises or includes confidential, proprietary, and/or trade secret Source Code. All Source Code produced pursuant to this Protective Order that is marked as Confidential Attorneys' Eyes Only - Source Code shall be entitled to be treated as Confidential Attorneys' Eyes Only Protected Material, in addition to the other protections afforded such Source Code herein. Nothing in this Protective Order shall be construed as a representation or admission that Source Code is properly discoverable in this action, or to obligate any party to produce any Source Code. Discovery Material designated as "Confidential Attorneys' Eyes Only - Source Code" is subject to the provisions set forth below and may be disclosed only to Qualified Persons excluding any person identified pursuant to Section 9(f). Any source code that is produced by any party in this case shall be made available for inspection in electronic format at the office of its counsel designated in the table below or any other location mutually agreed by the parties.

| Party | Counsel | Office |
|---|---|---|
| EXITEXCHANGE CORP. | Capshaw DeRieux | Longview, TX |
| FriendFinder Networks, Inc. | Ramey & Flock, P.C. | Tyler, TX |
| Motherless, Inc. | Theodora Oringher PC | Los Angeles, CA |
| Quasar Data Center, Ltd. | Sutton McAughan Deaver PLLC | Houston, TX |
| Kayak Software Corporation | Jackson Walker LLP | Dallas, TX |
| Travelocity.com LP | Jackson Walker LLP | Dallas, TX |
| TripAdvisor LLC | Jackson Walker LLP | Dallas, TX |
| WZ Communications, Inc. | Ramey & Flock, P.C. | Tyler, TX |
| Lemuria Communications, Inc. | Ramey & Flock, P.C. | Tyler, TX |
| Manwin USA, Inc. | Ramey & Flock, P.C. | Tyler, TX |

| Manwin D.P. Corp. | Ramey & Flock, P.C. | Tyler, TX |

Prior to the first inspection of any requested piece of source code, the requesting party shall provide fourteen (14) calendar days notice of the source code that it wishes to inspect. The requesting party shall provide ten (10) calendar days notice prior to any additional inspections. Source code that is designated "Confidential Attorneys' Eyes Only - Source Code" shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the producing party:

>(a) The producing party will produce the source code so that it may be reviewed on a computer ("Viewing Computer") and in a format or formats that are computer searchable. All source code shall be made available by the producing party to the receiving party's outside counsel and/or experts in a secure room on a secured computer without Internet access or network access to other computers and with all input/output ports (such as USB) blocked to the extent necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal, or other transfer of any source code outside or away from the Viewing Computer.

>(b) The receiving party's outside counsel and/or experts shall be entitled to take notes relating to the source code but may not copy the source code into the notes and may not take such notes electronically or on any electronic device. Each page of any such notes containing Source Code information (and any additional notes, analyses, or descriptions relating thereto) must be marked as "Confidential Attorneys' Eyes Only – Source Code." No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein. Further, no other written or electronic record of the source code is permitted except as otherwise provided herein. The producing party may visually monitor the activities of the receiving party's representatives during any source code review, but only to ensure that no unauthorized electronic records of source code are being created or transmitted in any way.

>(c) The Producing Party shall install tools that are sufficient for viewing and searching the code produced, on the platform produced, if such tools exist and are presently used in the ordinary course of the Producing Party's business. The Receiving Party's outside counsel and/or experts may make a reasonable request that commercially available software tools for viewing and searching source code be installed on the secured computer, provided, however, that such other software tools are reasonably necessary for the Receiving Party to perform its review of the source code consistent with all of the protections herein. The Receiving Party must provide the Producing Party with the CD or DVD containing such licensed software tool(s) at least five (5) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer, or otherwise indicate where such licensed software tools(s) are readily available for downloading and installing by the Producing Party on the Source Code Computer.

>(d) The receiving party shall make reasonable efforts to restrict its requests for such access to the Viewing Computer to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m Monday to Friday. However, upon reasonable notice from the receiving party, the producing party shall make reasonable efforts to accommodate the receiving party's request for access outside of normal business hours.

PROTECTIVE ORDER - 7

(e) The receiving party may designate to be copied portions of the source code that are reasonably necessary to facilitate the receiving party's preparation of court filings, expert reports, and related drafts and correspondence. In no event may the receiving party request the printing of more than 25 consecutive pages of a continuous block of Source Code, or an aggregate total of more than 500 pages of Source Code during this case without good cause shown. The producing party shall make one paper copy of the designated portions and produce it to the receiving party within seven (7) business days of the request, or such additional time as necessary due to volume requested, unless objected to as discussed below. The copy will be designated "Confidential Attorneys' Eyes Only – Source Code" by the producing party. At the receiving party's request, up to three additional sets (or subsets) of printed Source Code may be requested and provided by the producing party in a timely fashion. The receiving party shall not print Source Code in order to review blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing the Source Code electronically on the Source Code Computer, as the parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of Source Code for review and analysis elsewhere, and that printing is permitted only when necessary to prepare Source Code Documents as discussed below.

(f) Any printed pages of Source Code, and any other documents or things reflecting Source Code that have been designated by the producing party as "Confidential Attorneys' Eyes Only – Source Code" may not be copied, digitally imaged, or otherwise duplicated, except in limited excerpts necessary to attach in an exhibit, expert report, discovery document, deposition exhibit, exhibit at trial, or other Court document, provided that the source code is appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders.

(g) All persons who will review a producing party's Source Code on behalf of a receiving party shall be identified in writing to the producing party at least five (5) business days in advance of the first time that such person reviews such source code. All persons viewing Source Code shall sign on each day they view Source Code a log that will include the names of persons who enter the Source Code viewing room to view the Source Code and when they enter and depart. The producing party shall be entitled to a copy of the log. Proper identification of all authorized persons shall be provided prior to any access to the secure room or the computer containing Source Code. Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any state of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship.

(h) Unless otherwise agreed in advance by the parties in writing, following each day on which inspection is done under this Protective Order, the receiving party's outside counsel and/or experts shall remove all notes, documents, laptops, and all other materials from the room that may contain work product and/or attorney-client privileged information. The producing party shall not be responsible for any items left in the room following each inspection session, and the receiving party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect.

(i) The receiving party's outside counsel of record and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use.

(j) All paper copies of Source Code shall be securely destroyed in a timely manner if they are no longer in use (e.g., at the conclusion of a deposition). Copies of Source Code that are marked as deposition exhibits shall not be provided to a court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

**Plaintiff's Proposal:**

22. **Prosecution Activity.** Prosecution Activity shall mean: (1) prepare or otherwise aid in the drafting of patent claim(s) on behalf of a patentee or assignee of patentee's rights; and (2) for a patent application, reissue, on behalf of the patentee or assignee of patentee's rights, provide advice, counsel or suggestions regarding claim scope and/or language, embodiment(s) for claim coverage, claim(s) for prosecution, or products or processes for coverage by claim(s). For the avoidance of doubt, preparing an analysis of prior art as compared to the claims of a patent or preparing a nonobviousness analysis as compared to the claims of a patent would not be Prosecution Activity. For the avoidance of doubt, prosecution activity does not include reexamination proceedings.

**Plaintiff's Proposal:**

23. **Prosecution Bar.**

    (a) Plaintiff shall create an "Ethical Wall" between those persons with access to another party's Protected Material that is designated CONFIDENTIAL -- OUTSIDE ATTORNEYS' EYES ONLY -- SOURCE CODE and/or technical Protected Material designated CONFIDENTIAL – ATTORNEYS' EYES ONLY that is less than ten (10) years old (collectively "Highly Sensitive Material"), and any individuals who, on behalf of Plaintiff or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit. For the avoidance of doubt, the prosecution bar does not include reexamination proceedings.

    (b) Any attorney representing Plaintiff, whether in-house or Outside Counsel, and any person associated with Plaintiff and permitted to receive another Producing Party's Highly Sensitive Material, who both receives and reviews, in whole or in part, the contents of Highly Sensitive Material produced by another Producing Party may not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application on behalf of any entity, whether party to this action or not (other than on behalf of the Producing Party who produced the Highly Sensitive Material at issue) pertaining to the field of the invention of the patent-in-suit. The above prohibitions shall continue for the field of the invention of the patent-in-suit during the pendency of this Action

PROTECTIVE ORDER - 9

and including one (1) year following either the entry of a final non-appealable judgment or order, or the complete settlement of all claims against the Producing Party or Producing Parties whose Highly Sensitive Material was received or reviewed, or one (1) year following the withdraw from the litigation by an attorney, whichever is earlier.  For the avoidance of doubt, the prosecution bar does not include reexamination proceedings.

       (c)     The prosecution bar described herein shall not be imputed to partners, associates, or other colleagues of a person who is subject to the prosecution bar and who did not actually review or learn of the contents of any Highly Sensitive Material.  For the avoidance of doubt, the prosecution bar does not include reexamination proceedings.

       (d)     Moreover, the mere fact of a first attorney sending Prior Art to a second attorney, where the second attorney is involved in Prosecution Activity shall not be construed as involvement by the first attorney in Prosecution Activity.

**Defendant's Proposal:**

22.     **Prosecution Activity.**  Prosecution Activity shall mean: (1) prepare or otherwise aid in the drafting of patent claim(s) on behalf of a patentee or assignee of patentee's rights; and (2) for a patent application, reissue, on behalf of the patentee or assignee of patentee's rights, provide advice, counsel or suggestions regarding claim scope and/or language, embodiment(s) for claim coverage, claim(s) for prosecution, or products or processes for coverage by claim(s).  For the avoidance of doubt, preparing an analysis of prior art as compared to the claims of a patent would not be Prosecution Activity.   For the avoidance of doubt, prosecution activity includes reexamination proceedings and other post-grant proceedings.

**Defendant's Proposal:**

23.     **Prosecution Bar.**

       (a)     Plaintiff shall create an "Ethical Wall" between those persons with access to another party's Protected Material that is designated CONFIDENTIAL -- OUTSIDE ATTORNEYS' EYES ONLY -- SOURCE CODE and/or technical Protected Material designated CONFIDENTIAL – ATTORNEYS' EYES ONLY that is less than ten (10) years old (collectively "Highly Sensitive Material"), and any individuals who, on behalf of Plaintiff or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit.  For the avoidance of doubt, the prosecution bar includes reexamination proceedings.

       (b)     Any attorney or firm representing Plaintiff, whether in-house or Outside Counsel, and any person associated with Plaintiff and permitted to receive another Producing Party's Highly Sensitive Material, who receives, in whole or in part, the contents of Highly Sensitive Material produced by another Producing Party may not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application on behalf of any entity, whether party to this

PROTECTIVE ORDER - 10

action or not (other than on behalf of the Producing Party who produced the Highly Sensitive Material at issue) pertaining to the field of the invention of the patent-in-suit.  The above prohibitions shall continue for the field of the invention of the patent-in-suit during the pendency of this Action and including five (5) years following either the entry of a final non-appealable judgment or order, or the complete settlement of all claims against the Producing Party or Producing Parties whose Highly Sensitive Material was received or reviewed, or five (5) years following the withdrawl from the litigation by an attorney, whichever is earlier.  For the avoidance of doubt, the prosecution bar includes reexamination proceedings and other post-grant proceedings.

(c)     The prosecution bar described herein shall be imputed to partners, associates, or other colleagues of a person who are subject to the prosecution bar and who did not receive any Highly Sensitive Material.  For the avoidance of doubt, the prosecution bar includes reexamination proceedings and other post-grant proceedings.

24.     **Survival After Termination.**  After termination of this litigation, the provisions of this Protective Order shall continue to be binding, except with respect to those documents and information that become a matter of public record.  This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Material for enforcement of the provisions of this Protective Order following termination of this litigation.

25.     **Destruction or Return of Protected Material.** Upon termination of this action by dismissal, judgment, or settlement, within sixty (60) days of conclusion of this action, counsel for the party or parties receiving Protected Material shall return the Protected Material to the counsel for the party or parties disclosing or producing the Protected Material.  In lieu of returning Protected Material, a party may destroy all such Protected Material within sixty (60) days of the conclusion of this action and certify to the producing party that it has destroyed the Protected Material. Notwithstanding this provision, outside litigation counsel of record are not required to delete information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business.

26.     **Work Product.** The outside counsel of record receiving the Protected Material shall keep their attorney work product which refers or relates to any Protected Material.  Attorney work product may be used in subsequent litigation provided that such use does not disclose Protected Material or any information contained therein.

27.     This Protective Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

28.     **Modification.**  This Protective Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Protective Order, when convenience or necessity requires.

PROTECTIVE ORDER - 11

It is so ORDERED.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| EXITEXCHANGE CORP. | § § § | |
| Plaintiff, | § § | Case No. 2:13-CV-396-JRG-RSP |
| v. | § § | **LEAD CASE** |
| FRIENDFINDER NETWORKS, INC. et al. | § § § | |
| Defendants. | § | |

EXHIBIT A

AGREEMENT TO ABIDE BY PROTECTIVE ORDER

I, _____ state that:

1.  My address is _____
    _____.

2.  My present employer is _____,

and the address of my present employment is _____
_____.

3.  My present occupation or job description is _____
    _____
    _____.

4.  I have attached hereto my current curriculum vitae and, to the best of my knowledge, a complete list of any present or former relationships or engagements between myself and any party to the above-captioned action (the "*Action*") or any known competitor thereof.

5.  I hereby acknowledge that I have read the Protective Order in this Action, that I am familiar with the terms thereof, and that I agree to be bound by the terms thereof.

6.  I hereby acknowledge that, pursuant to the PROTECTIVE ORDER, I may receive information designated as CONFIDENTIAL, CONFIDENTIAL ATTORNEYS' EYES ONLY or CONFIDENTIAL ATTORNEYS' EYES ONLY - SOURCE CODE in this Action, and certify my understanding that such information is provided to me pursuant to the terms and restrictions of the PROTECTIVE ORDER. I agree not to reveal any information designated as CONFIDENTIAL, CONFIDENTIAL ATTORNEYS' EYES ONLY or CONFIDENTIAL ATTORNEYS' EYES ONLY

PROTECTIVE ORDER - 13

- SOURCE CODE or any notes containing information designated as CONFIDENTIAL, CONFIDENTIAL ATTORNEYS' EYES ONLY or CONFIDENTIAL ATTORNEYS' EYES ONLY - SOURCE CODE to anyone not authorized to receive such information pursuant to the terms of the PROTECTIVE ORDER, and I agree not to use, directly or indirectly, or allow the use of any information designated as CONFIDENTIAL, CONFIDENTIAL ATTORNEYS' EYES ONLY or CONFIDENTIAL ATTORNEYS' EYES ONLY - SOURCE CODE for any purpose other than directly associated with my duties in this litigation.

7.      I understand that I am to retain all copies of the materials that I receive which have been designated as containing or reflecting information designated as CONFIDENTIAL, CONFIDENTIAL ATTORNEYS' EYES ONLY or CONFIDENTIAL ATTORNEYS' EYES ONLY - SOURCE CODE in a container, cabinet, drawer, room or other safe place in a manner consistent with the PROTECTIVE ORDER.  I understand that all copies of any such materials are to remain in my custody until the conclusion of this Action or the completion of my assigned duties, whereupon the copies are to be destroyed or returned to the producing party.  Such return or destruction shall not relieve me from the obligations imposed upon me by the PROTECTIVE ORDER.  I further agree to notify any support personnel (such as paralegals, administrative assistants, secretaries, clerical and administrative staff) who are necessary to assist me of the terms of the PROTECTIVE ORDER and of their obligation not to reveal any information designated as CONFIDENTIAL, CONFIDENTIAL ATTORNEYS' EYES ONLY or CONFIDENTIAL ATTORNEYS' EYES ONLY - SOURCE CODE to anyone not authorized to receive such information pursuant to the terms of the PROTECTIVE ORDER.

8.      I understand that I shall be subject to the jurisdiction of the U.S. District Court for the Eastern District of Texas in any proceeding relating to my performance under, compliance with, or violation of the PROTECTIVE ORDER.

Signature: _____

Date: _____

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| EXITEXCHANGE CORP. | § § § | |
| Plaintiff, | § § | Case No. 2:13-CV-396-JRG-RSP |
| v. | § § | LEAD CASE |
| FRIENDFINDER NETWORKS, INC. et al. | § § § | |
| Defendants. | § | |

EXHIBIT B

AGREEMENT TO ABIDE BY PROTECTIVE ORDER

I, _____ state that:

1.   My address is _____.

2.   My present employer is _____,

and the address of my present employment is _____
_____.

3.   My present occupation or job description is _____
_____
_____.

4.   I hereby acknowledge that I have read the Protective Order in this Action, that I am familiar with the terms thereof, and that I agree to be bound by the terms thereof.

5.   I hereby acknowledge that, pursuant to the PROTECTIVE ORDER, I may review information designated as CONFIDENTIAL in this Action, and certify my understanding that such information is provided to me pursuant to the terms and restrictions of the PROTECTIVE ORDER.  I agree not to reveal any information designated as CONFIDENTIAL or any notes containing information designated as CONFIDENTIAL to anyone not authorized to receive such information pursuant to the terms of the PROTECTIVE ORDER, and I agree not to use, directly or indirectly, or allow the use of any information designated as CONFIDENTIAL for any purpose other than directly associated with my duties in this litigation.

Signature: _____

Date: _____