IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| EXITEXCHANGE CORP., a Texas corporation, | § § § | CONSOLIDATED: |
| Plaintiffs, | § § | LEAD CASE: No. 2:13-cv-0396-JRG |
| v. | § § | MEMBER CASE: No. 2:13-cv-00401-JRG |
| FRIENDFINDER NETWORKS, INC. Et al. | § § § | JURY TRIAL DEMANDED |
| Defendants. | § § § | |

**PLAINTIFF EXITEXCHANGE CORP.'S ANSWER TO DEFENDANT MOTHERLESS INC.'S COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff ExitExchange Corp., ("ExitExchange") in response to the counterclaims raised in Defendant's Answer and Counterclaims, filed on August 22, 2013, states as follows:

### THE PARTIES

1.  **Admitted** that Motherless Inc., ("Motherless") is a corporation organized and existing under the laws of New York, having a principal place of business located at 34 Fingerboard Road, Staten Island, NY 10305.

2.  **Admitted** that ExitExchange is a corporation existing under and by virtue of the laws of the State of Texas.

Plaintiff ExitExchange Corp.'s Answer to Defendant Motherless Inc.'s
Answer, Affirmative Defenses, and Counterclaims to Plaintiff's First Amended
Complaint for Patent Infringement

Page 1

## JURISDICTION AND VENUE

3. **Admitted** that this Court has jurisdiction over the subject matter of these Counterclaims, without limitation, under, 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, and venue for these Counterclaims is proper in this District.

4. **Admitted** that the Court has personal jurisdiction over ExitExchange.

## FACTUAL BACKGROUND

5. **Admitted** that ExitExchange asserts that Motherless infringed United States Patent No. 7,353,229 B2 ("the '229 Patent").

6. **Denied** that Motherless has not infringed any of the claims of the '229 Patent and the claims of the '229 Patent are invalid.

7. **Admitted** that there is an actual case or controversy between Motherless and ExitExchange over the non-infringement and/or invalidity of the '229 Patent and to what extent, if any, ExitExchange is entitled to any damages associated with Motherless's alleged infringing activity.

## COUNT ONE

## DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF THE '229 PATENT

8. ExitExchange realleges the previous paragraphs of its response.

9. **Admitted** that an actual case or controversy exists between Motherless and ExitExchange as to whether the '229 Patent is not infringed by Motherless.

10. **Denied** that a judicial declaration is necessary and appropriate so that Motherless may ascertain its rights regarding the '229 Patent.

**Plaintiff ExitExchange Corp.'s Answer to Defendant Motherless Inc.'s
Answer, Affirmative Defenses, and Counterclaims to Plaintiff's First Amended
Complaint for Patent Infringement**

Page 2

11. **Denied** that Motherless has not infringed and does not infringe, directly or indirectly, any claim of the '229 Patent. **Denied** that one or more limitations required by each claim is missing from the products made, used, sold, offered for sale and/or imported by Motherless.

12. **Denied** that Motherless has not infringed any of claims 1-10 of the '229 Patent.

13. **Denied** that Motherless has not infringed any of claims 11-20 of the '229 Patent.

14. **Denied** that Motherless has not infringed any of claims 21-22 of the '229 Patent.

## COUNT TWO

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '229 PATENT

15. ExitExchange realleges the previous paragraphs of its response.

16. **Admitted** that an actual case or controversy exists between Motherless and ExitExchange as to whether the claims of the '229 Patent are invalid.

17. **Denied** that a judicial declaration is necessary and appropriate so that Motherless may ascertain its rights as to whether the '229 Patent is invalid.

18. **Denied** that Claims of the '229 Patent are invalid for failing to comply with one or more of the requirements for patentability set forth in 35 U.S.C. Sections 100 et seq.

## JURY DEMAND

No response is required.

## PRAYER FOR RELIEF

No response is required.

**Plaintiff ExitExchange Corp.'s Answer to Defendant Motherless Inc.'s**
**Answer, Affirmative Defenses, and Counterclaims to Plaintiff's First Amended**
**Complaint for Patent Infringement**

Page 3

                Respectfully submitted,

Dated: September 30, 2013

By: /s/ Elizabeth L. DeRieux
Susan D. Pitchford
(*Admitted Pro Hac Vice*)
Kevin L. Russell
(*Admitted Pro Hac Vice*)
CHERNOFF VILHAUER LLP
601 SW Second Avenue
Suite 1600
Portland, OR 97204
Telephone: (503) 227-5631
Facsimile: (503) 278-4373
Email: sdp@chernofflaw.com
Email: Kevin@chernofflaw.com

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
Jeffrey D. Rambin
State Bar No. 00791478
CAPSHAW DERIEUX, L.L.P.
114 E. Commerce Ave.
Gladewater, Texas 75647
Telephone: (903) 236-9800
Facsimile: (903) 236-8787
Email: ccapshaw@capshawlaw.com
Email: ederieux@capshawlaw.com
Email: jrambin@capshawlaw.com

ATTORNEYS FOR PLAINTIFF
EXITEXCHANGE, CORP.

**Plaintiff ExitExchange Corp.'s Answer to Defendant Motherless Inc.'s Answer, Affirmative Defenses, and Counterclaims to Plaintiff's First Amended Complaint for Patent Infringement**

Page 4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 30th day of September, 2013, with a copy of this document via electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ Elizabeth L. DeRieux

**Plaintiff ExitExchange Corp.'s Answer to Defendant Motherless Inc.'s Answer, Affirmative Defenses, and Counterclaims to Plaintiff's First Amended Complaint for Patent Infringement**

Page 5