# EXHIBIT A

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

| | |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| *Defendant* | ) |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To:

*(Name of person to whom this subpoena is directed)*

❒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | Date and Time: |
|---|---|
| | |

The deposition will be recorded by this method:

❒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____     _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____.

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____
_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Schedule A

### DEFINITIONS

1. "You," and "Your," mean you, as well as your agents, servants, employees, affiliates, accountants, consultants, and attorneys, and all other persons acting or purporting to act on your behalf, past and present.

2. "ExitExchange" or "Plaintiff" means ExitExchange Corp., and all parents, subsidiaries, and affiliates thereof, all divisions, predecessors, successors, and assigns of each of the foregoing, and all officers, employees, investors, representatives, directors, agents, consultants, attorneys, and all other persons acting or purporting to act on behalf of or under the control of any of the foregoing, past and present.

3. "Manwin" or "Defendant(s)" means Manwin USA, Inc. and Manwin D.P. Corp., and all parents, subsidiaries, and affiliates thereof, all divisions, predecessors, successors, and assigns of each of the foregoing, and all officers, employees, directors, agents, consultants, attorneys, and all other persons acting or purporting to act on behalf or under the control of any of the foregoing.

4. "Document(s)" means each and every writing, whether an original, a draft, or a copy, however reproduced, and each and everything from which information can be processed or transcribed, and is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34, including but not limited to the examples set forth in Federal Rules of Evidence 1001. Any document with any marks such as initials, comments, or notations of any kind is not deemed to be identical to one without such marks and is to be identified and/or produced as a separate document.

5. "Electronically stored information" or "ESI" means any information stored in electronic form, whether an original, draft, or a copy, however reproduced, and each and

everything from which information can be processed or transcribed, and is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34.

      6.     "Thing(s)" has the meaning prescribed in Federal Rule of Civil Procedure 34, and includes every kind of physical specimen or tangible item, other than a document, in Your possession, custody or control.

      7.     "Communication" means every manner of disclosure, transfer, or exchange of information whether orally or by document or whether face-to-face, by telephone, mail, e-mail, telegram, telex, or telefax, personal delivery, social media or otherwise.

      8.     "Prior art" means any and all publications, patents, physical components, uses, sales, offers for sale or other activity relating to the subject matter of the Patent-in-Suit and having or occurring at a date such as to be potentially relevant under any subsection of 35 U.S.C. § 102 or 35 U.S.C. § 103.

      9.     Unless otherwise stated, "the '229 patent" shall mean U.S. Patent No. 7,353,229.

      10.     "Patent-in-Suit" shall mean the '229 patent, and all of the applications leading to the issuance of the '229 patent.

      11.     The words "referring" and/or "relating to" mean describing, discussing, constituting, containing, considering, embodying, evaluating, mentioning, memorializing, supporting, collaborating, demonstrating, providing, showing, refuting, disputing, rebutting, controverting, contradicting, and made in connection with or by reason of or arising therefrom.

<u>INSTRUCTIONS</u>

      1.     In responding to this subpoena, you are required to produce all responsive documents that are in your possession, custody, or control or in the possession, custody, or

control of your agents, employees, or other representatives. A document shall be deemed to be within your control if you have the right to secure the document or a copy of the document from another person having possession or custody of the document.

2. Should you or others subject to your control, including attorneys, become aware of documents responsive to this subpoena subsequent to your initial production, it is requested and directed that such documents promptly be made available for inspection and copying.

3. Each requested document shall be produced in its entirety, without abbreviation or redaction, and shall include all attachments, appendices, exhibits, lists, schedules or other documents at any time affixed thereto. If a document responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

4. You must produce responsive documents as they have been kept in the usual course of business or shall organize or label them to correspond to the enumerated requests of this subpoena. If, after exercising due diligence to secure them, you cannot provide some or any of the requested documents, so state and provide all documents to the extent possible, specifying the reason for your inability to produce the remainder of the documents, and stating whatever information or knowledge you have concerning each document not produced.

5. If any document is withheld under any claim of privilege, including without limitation, attorney-client privilege and attorney work product, you should provide the following information with respect to such document: (a) the date of the document; (b) the name of its author(s) or preparer(s); (c) the name of each person who was sent or furnished with the document or a copy thereof; (d) the title or description of the document sufficient to identify it without revealing the information for which privilege is claimed; (e) the claim of

privilege under which it is withheld; and (f) a description of the subject matter of the document in sufficient detail to support your contention that the document is privileged.

6. Unless otherwise specified, the time period covered by these requests is May 24, 2001 and before, and shall encompass all documents and information relating in whole or in part to such period.

7. Terms not specifically defined shall be given their ordinary meanings as you understand them to be used in the trade or pursuant to ordinary usage.

## REQUESTS

REQUEST NO.1:

All Documents, ESI and Things relating to a pop-up window or a pop-under window, including but not limited to, any source code, screenshots, manuals, descriptions, protocols, and templates relating to advertisements.

REQUEST NO.2:

All Documents, ESI and Things relating to content for populating a pop-up window or a pop-under window, including but not limited to, advertisements.

REQUEST NO.3:

All Documents, ESI and Things relating to Advertisement Banners' launch of the SpecificPOP advertising network in January 2000, including the JavaScript used to create pop-up or pop-under advertisements, and any documents and things concerning the conception, design, development, and/or testing of pop-under advertising before the launch.

REQUEST NO. 4:

All Documents, ESI and Things relating to the operation of the SpecificPOP advertising network, including but not limited to any pop-under advertisements created by the network, and any source code, screenshots, manuals, descriptions, protocols, and templates relating toadvertisements.

REQUEST NO. 5:

All Documents, ESI and Things relating to the design of the SpecificPOP advertising network.

REQUEST NO. 6:

All Documents, ESI and Things that constitute or relate to any agreement entered into by SpecificPOP relating to the provision of pop-under advertising services, including screenshots of the pop-under advertisements, source code used to create the pop-under advertisements, and any other related advertising, marketing, or other materials provided to SpecificPOP customers.

REQUEST NO. 7:

Documents sufficient to identify all employees, consultants, designers, and programmers of Advertisement Banner or SpecificPOP advertising network.