UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| EXITEXCHANGE CORP., <br><br> Plaintiff, <br><br> v. <br><br> FRIENDFINDER NETWORKS, INC., <br><br> Defendant. | CIVIL ACTION NO.  2:13-cv-00396-JRG <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT FRIENDFINDER NETWORKS, INC.'S MOTION TO DISMISS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

# INTRODUCTION AND STATEMENT OF ISSUE TO BE DECIDED BY THE COURT

Defendant FriendFinder Networks, Inc. ("FFNI"), a Chapter 11 debtor and debtor-in-possession, respectfully moves under Federal Rule of Civil Procedure 12(b)(6) and Local Civil Rule 7 to dismiss Plaintiff ExitExchange's ("ExitExchange") Complaint with prejudice because FFNI's confirmed Chapter 11 plan of reorganization and Order thereon provides that holders of prepetition claims against FFNI and its related debtor affiliates are permanently enjoined from taking any further action against the debtors, including, but not limited to, "commencing or continuing, in any manner or in any place, any action or other proceeding of any kind" or "enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order against the Debtors . . . ." Plan at § 11.03(a) [BC ECF Nos. 356 and 359].[1] Because ExitExchange had notice of the Plan and the Confirmation Order, and did not object or otherwise appeal the same, ExitExchange is enjoined and otherwise precluded from taking any further action in connection with its Complaint against FFNI.[2] Therefore, FFNI respectfully requests that the above-captioned action be dismissed with prejudice.

---

[1] References herein to docket entries in the above-captioned district court action are noted as [DC ECF #]. References to docket entries in the underlying District of Delaware bankruptcy action (13-12404 (CSS)) are noted as [BC ECF #].

[2] In addition, notwithstanding the fact that ExitExchange was served with Notice of the Claims Bar Date [BC ECF 135], ExitExchange did not file a proof of claim based on prepetition claims against FFNI in its bankruptcy case. Accordingly, ExitExchange is not entitled to receive a distribution from the FFNI bankruptcy estate. *See* Bar Date Order at ¶ 10; *see also* Fed. R. Bankr. Proc. 3002(a) ("An unsecured creditor or an equity security holder must file a proof of claim or interest for the claim or interest to be allowed."); *In re Bailey*, 151 B.R. 28, 32 (Bankr. N.D.N.Y. 1993) ("in order for an unsecured creditor's claim to meet the threshold requirement for allowance under Code § 502(a), a proof of claim must be filed under Code § 501 which comports with Fed. R. Bankr. P. 3002(a) and (c). Failure to meet these simple requirements will result in the claim being disallowed, or more appropriately expunged."); *In re Han-Hsien Tuan*, Civ. No. 2:13–00324 (WJM), 2013 WL 5719505, at *4 (D.N.J. Oct. 21, 2013) ("If a creditor fails to file a timely claim, then its claim will be disallowed.") (citing Fed. R. Bankr. P. 3002(a)).

**FACTUAL BACKGROUND**

ExitExchange commenced this action on May 10, 2013 by way of its Complaint against FFNI alleging infringement by FFNI of U.S. Patent No. 7,353,229 ("the '229 patent" or "patent-in-suit"). [DC ECF No. 1].[3]

On September 17, 2013 (the "Petition Date"), FFNI, along with certain affiliated entities (collectively, the "Debtors"), filed voluntary petitions for bankruptcy relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Debtors' chapter 11 cases are jointly administered under case number 13-12404 (CSS). The commencement of the Debtors' chapter 11 cases triggered the automatic stay of this action pursuant to section 362(a) of the Bankruptcy Code, which "operates as a stay applicable to all entities of – (1) the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the" bankruptcy case. 11 U.S.C. § 362(a).

On September 18, 2013, the Debtors filed a Suggestion of Bankruptcy with this Court, providing all parties notice of the Debtors' chapter 11 cases and the automatic stay. This action has remained stayed since that filing. [DC ECF 24]. On October 11, 2013, the Bankruptcy Court entered its *Order (A) Fixing Last Date For Filing Proofs Of Claim, (B) Fixing Last Date For Filing Proofs of Claim By Governmental Units; (C) Fixing Last Date For Filing Requests For Allowance Of Section 503(b)(9) Expense Claims, And (D) Designating Form And Manner Of Notice Thereof* [BC ECF135] (the "Bar Date Order"). A true and correct copy of the Bar Date Order is attached hereto as Exhibit A and is of public record. The Bar Date Order required

---

[3] FFNI has yet to answer the Complaint. A motion to dismiss all claims of indirect infringement in the Complaint is currently pending before the Court. [DC ECF 11].

3

creditors to file proofs of claim in the Debtors' chapter 11 cases based on prepetition liabilities against the Debtors by November 13, 2013 (the "Bar Date"). *See* Bar Date Order at ¶ 2. The Bar Date Order further states that any party that fails to file a proof of claim on or before the Bar Date will be forever barred from receiving any distribution on account of such prepetition claim. *See id.* at ¶ 10.

As indicated in the Bar Date Order's affidavit of service (the "Affidavit of Service"), ExitExchange was served notice of the Bar Date and a proof of claim form on October 16, 2013. *See, e.g.,* Affidavit of Service. A true and correct copy of the Affidavit of Service is attached hereto as Exhibit B and is of public record. The claims register in the Debtors' chapter 11 cases does not reflect a proof of claim filed by or on behalf of ExitExchange. *See* Debtors' claims register at: http://www.bmcgroup.com/restructuring/Claims.aspx?ClientID=332.

On September 21, 2013 the Debtors filed an *Amended Disclosure Statement With Respect to the Amended Joint Plan of Reorganization of PMGI Holdings, Inc. et al. Under Chapter 11 of the Bankruptcy Code* (the "Amended Disclosure Statement") [BC ECF 230]. Again, ExitExchange was served with the Amended Disclosure Statement. [BC ECF 308]. The Bankruptcy Court entered an order on November 5, 2013 approving the Amended Disclosure Statement (the "Amended Disclosure Statement Order"). [BC ECF 272]. ExitExchange neither objected to the Disclosure Statement nor appealed the Disclosure Statement Order.

On December 13, 2013 the Debtors filed *The Modified Second Amended Joint Plan Of Reorganization Of PMGI Holdings Inc. Et Al. Under Chapter 11 Of The Bankruptcy Code* (the "Plan") [BC ECF No. 341]. A true and correct copy of the Plan is attached hereto as Exhibit C and is of public record. ExitExchange was served with the Plan. [BC ECF 308]. The Bankruptcy Court thereafter entered its *Findings Of Fact, Conclusions Of Law, And Order*

*Under 11 U.S.C. §§ 1129(a) And (b) And Federal Rule Of Bankruptcy Procedure 3020 Confirming The Modified Second Amended Joint Plan Of Reorganization Of PMGI Holdings Inc. Et Al. Under Chapter 11 Of The Bankruptcy Code* [BC ECF 359] (the "Confirmation Order") on December 16, 2013.  A true and correct copy of the Confirmation Order is attached hereto as Exhibit D and is of public record.  Among other things, the Confirmation Order approved the Plan.  ExitExchange never objected to the Plan nor appealed the Confirmation Order.

Pursuant to Section 11.03 of the Plan (the "Plan Injunction"), and paragraph 40(e) of the Confirmation Order, holders of prepetition claims against the Debtors are permanently enjoined from taking any further action against the Debtors, including, but not limited to, "commencing or continuing, in any manner or in any place, any action or other proceeding of any kind" or "enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order against the Debtors . . . ."  Plan at § 11.03(a).

## ARGUMENT

Under the Plan Injunction and the Confirmation Order, ExitExchange is forever barred, estopped, and enjoined from asserting a claim against FFNI based on prepetition liabilities against FFNI.  *See* Plan at § 11.03(a); Confirmation Order at ¶ 40(e).  Section 1141 of the Bankruptcy Code provides that a confirmed plan of reorganization is binding on all creditors:

> (a) [T]he provisions of a confirmed plan bind the debtor . . . and any creditor . . . whether or not the claim or interest of such creditor . . . is impaired under the plan and whether or not such creditor . . . has accepted the plan.
>
> (b) Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.

> (c) [E]xcept as otherwise provided in the plan or in the order confirming the plan, after confirmation of a plan, the property dealt with by the plan is free and clear of all claims and interests of creditors . . . in the debtor.

11 U.S.C. §1141.

Because ExitExchange had notice of the Plan and Confirmation Order, and failed to object to the Plan or otherwise appeal the Confirmation Order, the Plan and Confirmation are binding on ExitExchange and preclude ExitExchange from continuing to pursue this litigation under the doctrine of *res judicata*. See *Travelers Indem. Co. v. Bailey*, 129 S. Ct. 2195, 2205 (2009) (holding that except with respect to appellate rights, the confirmation order became *res judicata* to the "parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.") quoting *Nevada v. United States*, 463 U.S. 110, 130 (1983)); *see also In re Pardee,* 193 F.3d 1083 (9th Cir. 1999) (holding that chapter 13 plan that purportedly discharged student loans in violation of the Bankruptcy Code was *res judicata* and binding on all creditors); *Republic Supply Co. v. Shoaf*, 815 F.2d 1046, 1054 n.9 (5th Cir. 1987) (same).

Accordingly, the Confirmation Order in this case is a final, non-appealable order, and cannot be disregarded in this proceeding. *See e.g., Travelers Indem. Co.*, 129 S. Ct. at 2205; *In re Pardee,* 193 F.3d at 1084; *Republic Supply Co.*, 815 F.2d at 1048; *Eubanks v. Fed. Deposit. Ins. Corp.*, 977 F.2d 166, 170 (5th Cir. 1992); *Montgomery v. SunTrust Mortg., Inc*., 2012 U.S. Dist. LEXIS 65346, at * 20 (N.D. Tex. Apr. 19, 2012). ExitExchange's Complaint should, therefore, be dismissed with prejudice.

## CONCLUSION

Wherefore, FFNI respectfully requests that this Court grant its motion to dismiss and grant such other and further relief as is just.

Dated: February 10, 2014

By: */s/ Andrew W. Stinson*
Andrew Stinson
State Bar No. 24028013
**RAMEY & FLOCK PC**
100 East Ferguson, Suite 500
Tyler, Texas 75702
Telephone (903) 597-3301
astinston@rameyflock.com

Frank M. Gasparo (Admitted *Pro Hac Vice*)
Todd M. Nosher (Admitted *Pro Hac Vice*)
**VENABLE LLP**
1270 Avenue of the Americas
Twenty-Fourth Floor
New York, New York 10020
Telephone:  (212) 307-5500
Facsimile:  (212) 307-5598
fmgasparo@venable.com
tmnosher@venable.com

*Attorneys for Defendant*
*FriendFinder Networks, Inc.*

### CERTIFICATE OF SERVICE

The undersigned certifies that on February 10, 2014 a true and correct copy of the foregoing document was served on all attorneys of record who have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Andrew Stinson*
Andrew Stinson

7