# EXHIBIT A

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| PMGI Holdings Inc., *et al.*,[1] | Case No. 13-12404 (CSS) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket No. 79 |

## ORDER (A) FIXING LAST DATE FOR FILING PROOFS OF CLAIM, (B) FIXING LAST DATE FOR FILING PROOFS OF CLAIM BY GOVERNMENTAL UNITS; (C) FIXING LAST DATE FOR FILING REQUESTS FOR ALLOWANCE OF SECTION 503(B)(9) EXPENSE CLAIMS, AND (D) DESIGNATING FORM AND MANNER OF NOTICE THEREOF

Upon the motion (the "**Motion**")[2] filed by the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") seeking entry of an order: (a) fixing the last date for the filing of proofs of claim; (b) fixing the last date for the filing of proofs of claim by governmental units; (c) fixing the last date for the filing of requests for allowance of section 503(b)(9) expense claims; and (d) approving the form and manner of notice with respect thereto; the Court, having reviewed the Motion, finds that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, this is a core matter pursuant to 28 U.S.C. § 157(b)(2), notice of the Motion

---

[1] The Debtors in these Chapter 11 Cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Blue Hen Group Inc. (9667), Argus Payments Inc. (4661), Big Island Technology Group, Inc. (9795), Confirm ID, Inc. (7020), Danni Ashe, Inc. (5271), Fastcupid, Inc. (7869), Fierce Wombat Games Inc. (2019), FriendFinder California Inc. (2750), FriendFinder Networks Inc. (0988), FRIENDFINDER VENTURES INC. (3125), FRNK Technology Group (7102), General Media Art Holding, Inc. (2637), General Media Communications, Inc. (2237), General Media Entertainment, Inc. (2960), Global Alphabet, Inc. (7649), GMCI Internet Operations, Inc. (7655), GMI On-Line Ventures, Ltd. (7656), Interactive Network, Inc. (5941), Magnolia Blossom Inc. (8925), Medley.com Incorporated (3594), NAFT NEWS CORPORATION (4385), Penthouse Digital Media Productions Inc. (1056), Penthouse Images Acquisitions, Ltd. (9228), PerfectMatch Inc. (9020), Playtime Gaming Inc. (4371), PMGI Holdings Inc. (2663), PPM Technology Group, Inc. (9876), Pure Entertainment Telecommunications, Inc. (9626), Sharkfish, Inc. (1221), Snapshot Productions, LLC (7091), Streamray Inc. (2716), Streamray Studios Inc. (1009), Tan Door Media Inc. (1100),Traffic Cat, Inc. (1223), Transbloom, Inc. (1168), Various, Inc. (7762), Video Bliss, Inc. (6760), West Coast Facilities Inc. (4751), XVHUB Group Inc. (9401). The Debtors' business address is 6800 Broken Sound Parkway NW, Suite 200, Boca Raton, FL 33487.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

DEL 86468729v2

was sufficient under the circumstances and that no further notice need be given, and the legal and factual bases set forth in the Motion establish just cause for the relief granted herein,

**IT IS HEREBY ORDERED THAT:**

1. For the reasons set forth on the record, the Motion is GRANTED as set forth herein.

2. All claims arising, or deemed to have arisen by virtue of Section 501(d) of the Bankruptcy Code, prior to the Petition Date, including any claims against the Debtors' estates based on the Debtors' primary, secondary, direct, indirect, fixed, secured, unsecured, contingent, guaranteed, disputed, undisputed, liquidated, unliquidated, matured, unmatured, legal or equitable liability, or otherwise (each, a "Claim"), except as otherwise provided for or specifically excepted herein, shall be filed with BMC Group, Inc. (the "Claims Agent"), in writing, with an original signature, together with supporting documentation, substantially conforming with Official Bankruptcy Form B10, or as otherwise prescribed or authorized under the Bankruptcy Rules, so as to be actually received on or before **November 13, 2013 at 5:00 p.m.** (Prevailing Eastern Time) (the "General Bar Date"), at the office of the Claims Agent as set forth in the Bar Date Notice.

3. All parties asserting section 503(b)(9) expense claims against the Debtors' estates, shall file a request for payment of such administrative expense (each, an "**503(b)(9) Expense Request**"), in writing, with an original signature, together with supporting documentation, so that any such 503(b)(9) Expense Request is actually received by the Claims Agent on or before **November 13, 2013 at 5:00 p.m.** (Prevailing Eastern Time) (the "503(b)(9) Claims Bar Date").

*DEL 86468729v2*

4. All governmental units (which shall include all entities defined as such in Section 101(27) of the Bankruptcy Code, including any such entities that hold a Claim arising from pre-petition tax years or periods or pre-petition transactions to which a Debtors were a party) holding or wishing to assert Claims against the Debtors arising before the Petition Date are required to file a proof of Claim on account of any claims such governmental unit holds or wishes to assert against the Debtors, so that any such proof of Claim is actually received by the Claims Agent on or before **March 17, 2014, at 5:00 p.m.** (Prevailing Eastern Time) (the "**Governmental Unit Bar Date**").

5. Holders of Claims against the Debtors arising from the rejection by the Debtors of an executory contract or unexpired lease must file a proof of claim on or before the later of: (a) the General Bar Date; (b) thirty (30) days after the entry of an order by the Court authorizing such rejection; or (c) such other date, if any, as the Court may fix in the order authorizing such rejection (the "**Rejection Bar Date**").

6. If after the General Bar Date, the Debtors amend their Schedules to reduce the undisputed, noncontingent, and liquidated amount or to change the nature or classification of a Claim against a Debtor reflected therein, then the affected claimant shall have thirty (30) days from the date of service of notice thereof to file a proof of claim or to amend any previously-filed proof of claim in respect of such amended scheduled Claim.

7. The following claims are excepted from the provisions of this Bar Date Order and are not required to be filed on or before the Bar Dates, unless otherwise ordered by the Court:

   (a) claims already duly filed in these Chapter 11 Cases with the Debtors' claim agent, or with the Clerk of the Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware, 19801;

   (b) claims listed in the Debtors' Schedules, or as listed in any supplements or amendments thereto, if the claimant does not dispute the amount or manner in which its claim is listed in the Schedules or the nature of the claim and if such

*DEL 86468729v2*

claim is not designated as "contingent," "unliquidated," "subject to adjustment," "disputed," or "unknown" (or assigned a zero amount);

(c) any entity holding an interest in any of the Debtors (an "**Interest Holder**"), which interest is based exclusively upon the ownership of stock in any of the Debtors or warrants or rights to purchase, sell or subscribe to such a security or interest (any such security or interest being referred herein as an "**Interest**"); provided, however, that Interest Holders that wish to assert claims against any of the Debtors that arise out of or relate to the ownership or purchase of an Interest ("**Securities Claimants**"), including claims arising out of or relating to the sale, issuance or distribution of the Interest, must file proofs of claim on or before the General Bar Date, unless another exception identified in this notice applies. The Debtors reserve the right to establish at a later time a bar date requiring Interest Holders to file proofs of interest. If such a bar date is established, Interest Holders will be notified of the bar date for filing proofs of interest at the appropriate time;

(d) any claims held by employees or retirees, provided, however, that any claims held by employees or retirees based on the rejection of an executory contract pursuant to Bankruptcy Code section 365 must be filed by the Rejection Bar Date;

(e) any claims related to the Senior Debt;

(f) any claims for which a separate deadline is (or has been) fixed by this Court; and

(g) any claim that has been allowed by an order of this Court entered on or before the applicable Bar Date.

8. Any creditor whose pre-petition Claim against the Debtors is not listed in the Schedules or is listed as "disputed," "contingent," or "unliquidated" and that desires to participate in these Chapter 11 Cases or share in any distribution in these Chapter 11 Cases, and any creditor whose pre-petition Claim is improperly classified in the Schedules or is listed in an incorrect amount, must file a proof of claim on or before the applicable Bar Date for such Claim.

9. Each proof of Claim to be properly filed pursuant to this Order shall (i) be signed, (ii) be written in the English language, (iii) be denominated in currency of the United States, (iv) conform substantially to Official Form B10, (v) be submitted with copies of supporting documents (or a summary if voluminous) or an explanation of why such document is not available and (vi) specify by name and case number of the Debtor against which the proof of

*DEL 86468729v2*

Claim is filed. Any creditor asserting a Claim against more than one Debtor is required to identify on each proof of Claim the particular Debtor against which a Claim is asserted.

10. Any creditor that is required to file a proof of Claim, but fails to do so in a timely manner, shall not be treated as a creditor with respect to such claims for purposes of: (a) distributions pursuant to any sale of the Debtors' assets; or (b) voting upon or receiving distributions under any plan or plans of reorganization or liquidation in these Chapter 11 Cases. If it is unclear from the Schedules whether a creditor's Claim is disputed, contingent, or unliquidated as to amount or is otherwise properly listed and classified, such creditor must file a proof of claim on or before the applicable Bar Date. Any creditor that relies on the Schedules bears responsibility for determining that its Claim is accurately listed therein.

11. In accordance with Bankruptcy Rule 2002, the Debtors are hereby authorized and directed to cause a copy of a notice substantially in the form of the Bar Date Notice to be published within five (5) days following the date this Court enters an order approving this Motion in USA Today, which form of notice is also hereby approved, and are authorized and directed to provide notice by sending the Bar Date Notice, to be given by first-class mail, postage prepaid, within three (3) business days after entry of this Order upon: (a) all known creditors; (b) all parties listed on the Debtors' mailing matrix; (c) all entities which have filed a notice of appearance in the Debtors' Chapter 11 Cases; and (d) the Office of the United States Trustee, which form of notice is also hereby approved.

12. The Court shall retain jurisdiction for all matters arising out of this Order.

Dated: Wilmington, Delaware
       October _11_, 2013

HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

*DEL 86468729v2*