IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| EXITEXCHANGE CORP<br>*Plaintiff,* | §<br>§<br>§ | |
| vs. | § | Case No. 2:13-cv-00396-JRG |
| | § | |
| FRIENDFINDER NETWORKS, INC<br>*Defendant.* | §<br>§<br>§<br>§ | **JURY TRIAL DEMANDED** |

**PLAINTIFF EXITEXCHANGE'S RESPONSE
TO DEFENDANT FRIENDFINDER NETWORKS, INC.'S MOTION TO DISMISS
<u>PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)</u>**

This matter comes before the Court on the motion (Dkt. 67) of Defendant FriendFinder Network, Inc. (hereinafter "Defendant") to dismiss the Complaint of Plaintiff ExitExchange Corp. (hereinafter "ExitExchange").

ExitExchange has considered the applicable law cited by Defendant, and notes that Defendant states:

> Under the Plan Injunction and the Confirmation Order, ExitExchange is forever barred, estopped, and enjoined from asserting a claim against FFNI based on *prepetition* liabilities against FFNI. See Plan at § 11.03(a); Confirmation Order at ¶ 40(e).

Dkt. 67 at p. 5 (emphasis added).

ExitExchange respectfully submits that it will limit its request for damages and relief to Defendant's post-confirmation activity; that is only activity occurring after December 17, 2013. As the Confirmation Order was entered December 16, 2013, this should provide clear deliniation that ExitExchange's reques for damages and relief are not precluded by the Confirmation Order.

Patent law provides that each act of patent infringement constitutes a separate cause of action. See *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d at 1031 (treating patent infringement as a continuing tort); *Shields v. Halliburton Co.*, 493 F.Supp. 1376, 1381 (W.D.La.1980), aff'd, 667 F.2d 1232 (1982). Therefore acts of infringement that occur post-confirmation are separate causes of action from those that occur pre-confirmation, and the former necessarily give rise only to post-confirmation claims. Infringement conduct occurring *after* confirmation is not discharged at confirmation. See 11 U.S.C. § 1141(d)(1) "(the confirmation of a plan-- (A) discharges the debtor from any debt that arose *before* the date of such confirmation"). See also *In re Cambridge Biotech Corp.*, 186 B.R. 9, 14 (Bkrtcy.D.Mass.,1995); and *In re Dahlgren Intern., Inc.* 147 B.R. 393, 404 Fn. 16 (N.D.Tex.,1992).

1 - PLAINTIFF EXITEXCHANGE'S RESPONSE
TO DEFENDANT'S MOTION TO DISMISS

Stated another way, 11 U.S.C. § 1141(d)(1) does not discharge any claim which arises from an infringer's actions post-confirmation, a bankruptcy proceeding does not absolve Defendants of liability incurred due to post-confirmation activities.

## IV. CONCLUSION

For the foregoing reasons, ExitExchange respectfully requests that the Court deny the Defendant's Motion to Dismiss.

                                                Respectfully submitted,

Dated: February 27, 2014

By: /s/ Elizabeth L. DeRieux
Susan D. Pitchford
(*To Be Admitted Pro Hac Vice*)
Kevin L. Russell
(*To Be Admitted Pro Hac Vice*)
CHERNOFF VILHAUER LLP
601 SW Second Avenue
Suite 1600
Portland, OR 97204
Telephone: (503) 227-5631
Facsimile: (503) 278-4373
Email: sdp@chernofflaw.com
Email: Kevin@chernofflaw.com

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
Jeffrey D. Rambin
State Bar No. 00791478
CAPSHAW DERIEUX, L.L.P.
114 E. Commerce Ave.
Gladewater, Texas 75647
Telephone: (903) 236-9800
Facsimile: (903) 236-8787
Email: ccapshaw@capshawlaw.com
Email: ederieux@capshawlaw.com
Email: jrambin@capshawlaw.com

ATTORNEYS FOR PLAINTIFF
EXITEXCHANGE, CORP.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 27th day of February, 2014, with a copy of this document via electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ Elizabeth L. DeRieux