# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ExitExchange Corp., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) C.A. No. 13-cv-00396 (JRG) |
| | ) |
| | ) |
| FriendFinder Networks Inc., | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**DEFENDANT FRIENDFINDER NETWORKS INC.'S REPLY
IN SUPPORT OF ITS MOTION TO DISMISS
<u>PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)</u>**

Plaintiff ExitExchange ("ExitExchange") does not dispute any of the facts recited in Defendant FriendFinder Networks Inc.'s ("FFNI") Motion to Dismiss. Instead, Plaintiff concedes that its patent infringement claims based on FFNI's alleged "pre-confirmation" conduct are precluded by the Confirmation Order and controlling law.[1] As a corollary, Plaintiff also concedes that it can no longer seek damages or liability based on its "pre-confirmation" claims of patent infringement. Plaintiff, however, has neither amended its Complaint nor dismissed voluntarily its claims of infringement based on alleged conduct occurring before the Confirmation Date, which again, are admittedly precluded by the Conformation Order. Accordingly, those claims should be dismissed as a matter of law for the reasons set forth in Defendants' Moving Papers. (Dkt. No. 67).

And while Plaintiff recognizes that it cannot pursue claims of patent infringement for alleged activity occurring before the Confirmation Date, Plaintiff is actually further barred from pursuing any claim arising before the Plan "Effective Date." Indeed, the Plan discharged all claims "based upon any act, omission, transaction, occurrence, or other activity of any nature that occurred prior to the Effective Date" and the Plan Injunction permanently enjoins all persons from "taking any . . . actions against the Debtors, the Reorganized Debtors, and their respective affiliates or their property on account of any such discharged Claims, debts, or liabilities . . . ." *See* Confirmation Order at 11.02(b) and 1103(a) (emphasis added). According to the "*Notice of (A) Entry of Order Confirming the Modified Second Amended Joint Plan Of Reorganization Of PMGI Holdings Inc. et al. Under Chapter 11 of the Bankruptcy Code; (B) Occurrence of Effective Date; and (C) Deadlines for Filing Certain Claims*" (*see* BK Docket No. 369), the Effective Date of the Plan occurred on December 20, 2013 – not December 16. Therefore, not

---

[1] Pre-confirmation conduct refers to any alleged activity by FFNI occurring before the entry of the Confirmation Order issued in FFNI's underlying bankruptcy proceedings.

only should Plaintiff's claims of patent infringement based on alleged conduct occurring before the Confirmation Date be dismissed (*i.e*., before December 17, 2013), so too should its claims of infringement based on alleged conduct occurring before the Effective Date of December 20, 2013.

## CONCLUSION

Wherefore, FFNI respectfully requests that this Court grant its motion to dismiss and grant such other and further relief as is just.

Dated: March 10, 2014                By: */s/ Andrew W. Stinson*

                                                  Andrew W. Stinson
State Bar No. 24028013
**RAMEY & FLOCK PC**
100 East Ferguson, Suite 500
Tyler, Texas 75702
Telephone (903) 597-3301
astinston@rameyflock.com

Frank M. Gasparo (Admitted *Pro Hac Vice*)
Todd M. Nosher (Admitted *Pro Hac Vice*)
**VENABLE LLP**
1270 Avenue of the Americas
Twenty-Fourth Floor
New York, New York 10020
Telephone:  (212) 307-5500
Facsimile:  (212) 307-5598
fmgasparo@venable.com
tmnosher@venable.com

*Attorneys for Defendant FriendFinder Networks Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on March 10, 2014 a true and correct copy of the foregoing document was served on all attorneys of record who have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).


                                              */s/ Andrew W. Stinson*
                                              Andrew W. Stinson