**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| EXITECHANGE CORP.<br><br>     Plaintiff<br><br>v.<br><br>FRIENDFINDER NETWORKS, INC., | Civil Action No. 2:13-396-JRG<br>**LEAD CASE** |
| KAYAK SOFTWARE CORPORATION, | Civil Action No. 2:13-397-JRG |
| LEMURIA COMMUNICATIONS, INC., | Civil Action No. 2:13-399-JRG |
| MANWIN USA, INC., et al., | Civil Action No. 2:13-400-JRG |
| WZ COMMUNICATIONS, INC., | Civil Action No. 2:13-403-JRG |
| TRAVELOCITY.COM LP, | Civil Action No. 2:13-404-JRG |
| TRIPADVISOR, INC.,<br><br>     Defendants | Civil Action No. 2:13-406-JRG |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendant Travelocity.com LP, Kayak Software Corporation and TripAdvisor LLC's Motions to Stay Pending Reexamination of the Patent-in-Suit (collectively, the "Motions"). C.A. No. 2:13-cv-404, Dkt. No.17 (Travelocity); C.A. No. 2:13-cv-397, Dkt. No. 15 (Kayak); C.A. No. 2:13-406, Dkt. No. 16 (TripAdvisor). Also before the Court are Defendant FriendFinder networks, Inc., Lemuria Communications, Inc., Manwin USA, Inc.,

1

Manwin D.P. Corp., and WZ Communications, Inc.'s Notices of Joinder to Motions to Stay Litigation Pending Reexamination. C.A. No. 213-cv-396, Dkt. No. 16 (FriendFinder); C.A. No. 213-cv-399, Dkt. No. 19 (Lemuria Communications); C.A. No. 213-cv-400, Dkt. No. 16 (Manwin); C.A. No. 213-cv-403, Dkt. No. 19 (WZ Communications). The non-moving defendants' Notices of Joinder are hereby **GRANTED**. Following the submission of the parties' briefing, the Court entered an order consolidating the above captioned cases for all pre-trial purposes other than venue. C.A. No. 2:13-396, Dkt. No. 19.[1] Because all defendants in the above-captioned cases have moved in support of, or joined the Motions, the same are collectively referred to hereafter as "Defendants."

Having considered the briefing and argument from counsel, the Court finds that the Motions should be, and they are hereby **GRANTED-IN-PART, AS MODIFIED** and **DENIED-IN-PART**, as set forth herein.

## I. BACKGROUND

On October 15, 2012 the United States Patent and Trademark Office (the "PTO") granted a request for *ex parte* reexamination of U.S. Patent No. 7,353,229 ( "'229 Patent"). Roughly six months later—on May 10, 2013—Plaintiff ExitExchange Corp. ("ExitExchange") filed suit against Defendants. *See e.g.* C.A. No. 12:13-396, Dkt. No. 1. On June 26, 2013 the PTO entered a non-final office action rejecting all claims of the '229 patent. *See* C.A. No. 12:13-404, Dkt. No. 17-1, at Ex. 3. Defendants filed their Motions in the following month, July 2013.

Defendants primarily request a stay of the above-captioned cases pending completion of the reexamination of the '299 patent by the PTO. *See* C.A. No. 2:13-cv-404-JRG, Dkt. No. 17, at

---

[1] Unless a specific civil action number is listed, all docket citations refer to the consolidated action C.A. No. 2:13-396-JRG.

5. Alternatively, Defendants request a temporary (9-month) stay, "after which the parties could report back and provide an update to the Court." *Id.* at n. 2. The Court entertained argument from the parties' counsel at a hearing held on March 13, 2014.

## II. APPLICABLE LAW

"The district court has the inherent power to control its own docket, including the power to stay proceedings." *Soverain Software LLC v. Amazon, Inc.,* 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005) (citations omitted). Management of the Court's docket requires "the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In determining whether to grant a stay, the Court considers three factors: (1) whether a stay would unduly prejudice the non-moving party or present a clear tactical advantage to the moving party; (2) whether a stay would simplify the issues in question and the trial of the case; and (3) whether discovery is complete and whether a trial date has been established. *Soverain Software LLC*, 356 F. Supp. 2d at 662. "Essentially, courts determine whether the benefits of a stay outweigh the inherent costs based on these factors." *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co., Ltd.*, Civ. No. 2:04-CV-32-TJW, 2008 WL 4809093, at *1 (E.D. Tex. Oct. 29, 2008).

## III. ANALYSIS

Defendants have made two alternative requests for relief, seeking: (a) a stay of this case pending final resolution of the reexamination proceedings at the PTO, or (b) a temporary (9-month) stay, after which the parties will update the court with respect to the status of the reexamination and the need, if any, to extend the stay. In their briefing and at the hearing conducted by the Court, Defendants emphasized their alternative request for a temporary stay of

3

this case. *See e.g.* C.A. No. 2:13-404-JRG, Dkt. No. 19, at 3. Accordingly, the Court has applied the three factors noted above to each of the Defendants' requests, as follows:.

### A. Whether a Stay Would Unduly Prejudice Exit Exchange.

Under the first factor, staying this case indefinitely would unduly prejudice ExitExchange. This Court reaffirms its acknowledgement of a patentee's right to expedient enforcement of its patent rights, and recognizes that reexamination proceedings before the PTO involve an uncertain and lengthy procedure. *See e.g. Portal Techs. LLC v. Yahoo! Inc.*, C.A. No. 2:11-cv-440-JRG, 2013 U.S. Dist. LEXIS 185620 at *2-3 (E.D. Tex. Jan. 3, 2013). The fact that the claims of the '229 stand rejected at the PTO does not remove the prejudice threatened by such a stay. As this Court has previously noted, "'final' does not always have its plain and ordinary meaning at the USPTO." *Portal Techs. LLC v. Yahoo! Inc.*, C.A. No. 2:11-cv-440-JRG, 2013 U.S. Dist. LEXIS 185620 at *2-3 (E.D. Tex. Jan. 3, 2013). Even after an office action rejecting all claims, the final outcome of PTO proceedings may be years away. *Id.* Accordingly, this factor weighs against a stay pending resolution of the reexamination proceedings at the PTO.

However, given the unique facts at issue in this case, a *temporary* stay in this case would not unduly prejudice ExitExchange. ExitExchange argues that a reexamination proceeding will take years to complete and grant a tactical advantage to Defendants (primarily by denying ExitExchange its choice of forum). C.A. No. 2:13-cv-404-JRG, Dkt. No. 18 at 8-9. However, this case is somewhat unusual in that reexamination of the '229 patent was requested, and granted by the PTO, more than six months before ExitExchange filed suit against Defendants. In the interim, the PTO has issued two office actions, and all claims of the '229 patent stand rejected. ExitExchange has complicated and drawn out the reexamination proceeding by canceling eighteen

of the original twenty-two claims of the '229 Patent, amending two of the four remaining original claims, and adding fifty-eight new claims. Dkt No. 59-1, at 3.[2] This conduct is inconsistent with ExitExchange's now stated concern regarding the expedient resolution of its claims, and such conduct undermines ExitExchange's argument that undue prejudice will result from delay.

As an alternative to a stay pending completion of the reexamination proceedings before the PTO, Defendants request a temporary, 9-month, stay of this case. *See* C.A. No. 2:13-404-JRG, Dkt. No. 19 at 3. The Court is persuaded that a temporary stay of this case would not unduly prejudice ExitExchange or present a clear tactical advantage to Defendants. Accordingly, this factor weighs in favor of a temporary stay.

### B.  Whether a stay would simplify the issues in question and the trial of the case.

Defendants argue that because all claims currently stand rejected at the PTO, a stay of this case promises to simplify issues for trial. This argument is entirely speculative, and "granting a motion to stay on such a provisional ground 'would invite parties to unilaterally derail timely patent case resolution by seeking reexamination and not promote the efficient and timely resolution of patent cases.'" *Ambato Media, LLC v. Clarion Co.*, C.A. No. 2:09-cv-242-JRG, 2012 U.S. Dist. LEXIS 7558 at *5-6 (E.D. Tex. Jan. 23, 2012) (citing E*MG Tech., Inc. v. Apple, Inc.*, 6:09-cv-367, Dkt. No. 270, 2010 U.S. Dist. LEXIS 144656, *8 (E.D. Tex. Nov. 15, 2010)).

However, the unusual circumstances of this case render it distinguishable from the *Ambato Media* and *EMG Tech.* cases. Here, this factor weighs in favor of a stay—especially a temporary stay. First, ExitExchange's conduct before the PTO makes it more likely that a stay will simplify issues for trial. As stated above, ExitExchange has canceled all but four of the original claims of

---

[2] The Court also notes that a review of the PTO's website, available at http://portal.uspto.gov/pair/PublicPair, reveals that ExitExchange has sought at least one extension of time to respond to the PTO's most recent office action.

the '229 Patent; and, of those four claims, two have been amended. (Dkt. No. 59-1). ExitExchange has also added fifty-eight new claims. (Dkt. No. 59-1). Should the Court set the case for a *Markman* hearing, and new claims or amended claims survive reexamination, then the Court's expended effort in construing the old claims could well have been wasted.

More importantly, Defendants have agreed to be bound by the PTO's determination regarding the validity of the '229 patent, at least with respect to prior art references that are before the PTO. *See* C.A. No. 2:13-cv-404, Dkt. No. 19, at 5. At the hearing conducted by this Court on March 13, 2014, Defendants reiterated their willingness to enter into such a stipulation and further recognized that any request for leave to assert new prior art references, should the '229 Patent survive reexamination, would be looked upon with disfavor. The Court has previously held that such a stipulation increases the likelihood that a stay will simplify the issues to be decided through litigation, even as it reduces the risk of prejudice to the plaintiff. *Datatreasury Corp. v. Wells Fargo & Co.*, 490 F. Supp. 2d 749, 755-56 (E.D. Tex. 2006). This is true in the present case. Conditioned on the execution of such a stipulation by each defendant, this factor weighs in favor of a stay.

**C. Whether discovery is complete and whether a trial date has been established.**

There has been significant progress in the above-captioned cases. Discovery is underway and the parties have exchanged infringement and invalidity contentions under the Local Patent Rules. The claim construction hearing is set for June 25, 2104; fact and expert discovery will close in November 2014; and a trial date has been set for March 9, 2015. Under normal circumstances, staying a case at this stage might endanger the resources expended on discovery and trial preparation, and prejudice a plaintiff's "interest in the timely enforcement of its patent

6

rights." *Ambato Media, LLC*, 2012 U.S. Dist. LEXIS 7558 at *4. However, the particular facts of this case—specifically the temporary nature of the stay alternatively requested by Defendants—mitigate that risk. This factor also weighs in favor of a temporary stay.

## III. CONCLUSION

The Court, having considered the positions of the parties and the unusual facts of this case, finds that a stay pending final resolution of the reexamination proceedings regarding the '229 patent would unduly prejudice ExitExchange and waste both party and judicial resources. For these and all the other reasons articulated above, Defendants' Motions[3] are **DENIED** to the extent Defendants request a stay pending final resolution of the reexamination proceedings regarding the '229 Patent.

However, the Court is persuaded that, in light of the particular circumstances of this case, a temporary (9-month) stay is appropriate, conditioned on the execution by each defendant of a stipulation, agreeing to the following:

> The parties agree that the stay will be granted only on condition that [an individual defendant] agrees not to challenge United States Patent Number 7,353,229 based on any printed publication or other prior art reference that was submitted to, or considered by, the United States Patent and Trademark Office in connection with the reexamination of Patent Number 7,353,229.

Accordingly, Defendants' Motions are **GRANTED AS MODIFIED** herein. The Court **ORDERS** this matter to be stayed for a period of seven (7) days. The Court further **ORDERS** this matter to be stayed for a period of nine (9) months conditioned upon the submission by all defendants of a signed stipulation, including the above language, within seven (7) days of the issuance of this Memorandum Opinion and Order.

---

[3] (C.A. No. 2:13-cv-404, Dkt. No.17 (Travelocity); C.A. No. 2:13-cv-397, Dkt. No. 15 (Kayak); C.A. No. 2:13-406, Dkt. No. 16 (TripAdvisor).

It is further **ORDERED** the Clerk of the Court shall enter a temporary, seven (7) day stay in this matter.   The Clerk is **ORDERED** to delay the implementation of any additional stay until further notification from the Court.

**So ORDERED and SIGNED this 28th day of March, 2014.**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE