UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| EXITECHANGE CORP.<br><br>    Plaintiff<br><br>v.<br><br>FRIENDFINDER NETWORKS, INC., | Civil Action No. 2:13-396-JRG<br>**LEAD CASE** |
| KAYAK SOFTWARE CORPORATION, | Civil Action No. 2:13-397-JRG |
| LEMURIA COMMUNICATIONS, INC., | Civil Action No. 2:13-399-JRG |
| MANWIN USA, INC., et al., | Civil Action No. 2:13-400-JRG |
| WZ COMMUNICATIONS, INC., | Civil Action No. 2:13-403-JRG |
| TRAVELOCITY.COM LP, | Civil Action No. 2:13-404-JRG |
| TRIPADVISOR, INC.,<br><br>    Defendants | Civil Action No. 2:13-406-JRG |

## **ORDER**

On March 31, 2014 the Court entered an Order granting-in-part the Motions to Stay Pending Reexamination of the Patent-in-Suit ("the Motions") filed by Defendants Travelocity.com LP, Kayak Software Corporation and TripAdvisor LLC, and joined by Defendants FriendFinder networks, Inc., Lemuria Communications, Inc., Manwin USA, Inc., Manwin D.P. Corp., and WZ Communications (collectively, "Defendants").  (Dkt. No. 76).

1

In both the briefing supporting the Motions and at a hearing before the Court, Defendants represented that they were willing to stipulate to be bound by the United States Patent and Trademark Office's (PTO's) determination regarding the validity of United States Patent Number 7,353,229 ("the '229 Patent"), at least with respect to references considered during the reexamination of said patent. *See e.g.* C.A. No. 2:13-cv-404, Dkt. No. 19, at 5. Based on such representations from Defendants, the Court granted the Motions, in part. However, the Court conditioned the issuance of an order staying these consolidated cases on the execution and filing by Defendants of a written stipulation that each individual defendant will not challenge the validity of the '229 Patent based on any printed publication or other prior art reference that was submitted to, or considered by, the PTO in connection with the reexamination of the '229 Patent. (Dkt. No. 76).

In the interim, Defendants Lemuria Communications, Inc., and WZ Communications, Inc. have submitted a stipulation (Dkt. No. 78) conforming to the language contained in the Court's previous Order (Dkt. No. 76).

All other Defendants[1] and Plaintiff ExitExchange (the "Settling Parties") have filed Agreed Motions to Stay all Deadlines pending the finalization of "dismissal papers and all preconditions necessary for the filing of dismissal papers." (Dkt. Nos. 77, 79).

Accordingly, the Court **ORDERS** this matter to be stayed until December 30, 2014. If these consolidated actions remain otherwise unresolved, then the remaining parties are **ORDERED** to submit a Joint Status Report on December 16, 2014 advising the Court as to the status of the reexamination proceedings before the PTO and the need, if any, to continue the stay.

---

[1]Travelocity.com LP, Kayak Software Corporation, TripAdvisor LLC, FriendFinder networks, Manwin USA, Inc., and Manwin D.P. Corp.

The Settling Parties are **ORDERED** to submit their final motions to dismiss as soon as practicable, but in no case after May 7, 2014.  In the unlikely event that any of the Settling Parties fail to finalize the dismissal of their respective actions on or before May 7, 2014, the Court **ORDERS** such Settling Parties to appear in person at a hearing before the Court at 12:00 pm on May 14, 2014 to explain their failure to complete the dismissal process as represented to the Court.

It is further **ORDERED** the Clerk of the Court shall enter a stay of these consolidated actions until December 30, 2014, or until further order of the Court.

**So Ordered and Signed on this**

**Apr 10, 2014**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE