UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/012,496 | 09/11/2012 | 7353229 | AAA 12-03 | 7567 |

152          7590          03/22/2016
CHERNOFF, VILHAUER, MCCLUNG & STENZEL, LLP
601 SW Second Avenue
Suite 1600
PORTLAND, OR 97204-3157

| EXAMINER |
|---|
| WORJLOH, JALATEE |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3992 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 03/22/2016 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

UNITED STATES PATENT AND TRADEMARK OFFICE

_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD

_____

*Ex parte* EXITEXCHANGE CORP.

_____

Appeal 2015-005117
Reexamination Control 90/012,496
Patent 7,353,229 B2
Technology Center 3900

_____

Before MARC S. HOFF, ERIC B. CHEN, and
JEREMY J. CURCURI, *Administrative Patent Judges*.

CURCURI, *Administrative Patent Judge*.

DECISION ON APPEAL

Patent 7,353,229 B2 is under reexamination. Appellant appeals under 35 U.S.C. §§ 134(b) and 306 from the Examiner's Final Rejection of claims 9, 19, 23–76, and 79–84.[1]  Ans. 2–3.  We have jurisdiction under 35 U.S.C. §§ 134(b) and 306.

Claims 9, 19, 23–76, and 79–84 are rejected in various grounds of rejection.  *See* Ans. 2–3.

We affirm-in-part.

---

[1] Pending claims 10, 20, 77, and 78 are not rejected.  *See* Ans. 2–3.

Appeal 2015-005117
Patent 7,353,229 B2
Reexamination Control 90/012,496

## STATEMENT OF THE CASE

Appellant's invention relates to a post-session Internet advertising system. Abstract. Claim 9, which depends from canceled claim 1, is illustrative. Claims 1 and 9 are reproduced below:

    1. A system for Internet advertising capable of simultaneously maintaining a foreground window and at least one background window and capable of displaying a first browser in a said foreground window for selectively browsing the Internet, said system comprising:
    (a) a device that interacts with a display to display to a user at least one browser, each said at least one browser within a respective window;
    (b) a script handler that invokes a post-session procedure in said first browser, said post-session procedure opening a second browser in a said background window such that said opening is free from said background window obscuring any portion of said foreground window while said first browser is simultaneously displayed in said foreground window; and
    (c) an event handler that receives, from an Internet address, a link to an advertisement and loads said advertisement into said second browser while said second browser is in a said background window, said event handler maintaining said second browser in said background window until the occurrence of a user-initiated action made after said second browser is opened in said background window, said event handler being free from instructions capable of automatically, without user interaction, causing said second browser in said background window to replace said first browser as said foreground window such that said first browser is then maintained in a background window at least partially behind said second browser, during a time interval beginning incrementally before said advertisement has completely finished loading in said second browser and ending at a time incrementally after a user action navigates said first browser to a different web site than that loaded in said first browser when said event handler received said advertisement.

Appeal 2015-005117
Patent 7,353,229 B2
Reexamination Control 90/012,496

>9. The system of claim 1 where said event handler selects and returns one of a plurality of advertisements maintained at said Internet address.

## ANALYSIS

### THE OBVIOUSNESS REJECTION OF CLAIMS 9 AND 19 OVER UNFAITHFUL, JAVASCRIPT BIBLE, AND ALBERTS

Claims 9 and 19 stand rejected under 35 U.S.C. § 103(a) as obvious over Unfaithful (The website Unfaithful.com as represented by Request Exhibits A–E), JavaScript Bible (Danny Goodman, *JavaScript Bible, 3rd Edition*, 87, 88, 92, 212, 234–35, 265 (1998) (IDG Books Worldwide, Inc.)), and Alberts (US 5,937,392; issued Aug. 10, 1999). Final Act. 52–57 (incorporating by reference Request 8–11); Ans. 6–7.

Appellant presents the following principal arguments:

*Argument i.*:

> Unlike Alberts, there is no suggestion in Unfaithful that any advertisement other than those actually returned could have been returned at any given time. Unfaithful is only advertising its own related business. Since Unfaithful controls its own website and controls the same defined advertisements for the Unfaithful related business, there would be no motivation to incorporate the system taught by Alberts for a particular JavaScript that loads those advertisements. Such a modification would unduly complicate that system and provide no benefit.

App. Br. 13–14.

*Argument ii.*:

> A version of Unfaithful which incorporates the banner advertising display system described in Alberts would provide the same advertisement(s) as the existing Unfaithful, that being the second Unfaithful webpages shown in Exhibits C, D, and E. There is no indication that Unfaithful was intended to select

3

Appeal 2015-005117
Patent 7,353,229 B2
Reexamination Control 90/012,496

> from a plurality of different advertisements at any given time. As a consequence, the proposed combination of Unfaithful with Alberts would still provide the same webpages by a different method.

App. Br. 14; *see also* Reply Br. 4.

We do not see any error in the Examiner's findings and conclusions.

Regarding Appellant's arguments (i) and (ii), incorporating the teachings of Alberts into Unfaithful does not result in Unfaithful loading the same advertisements loaded by Unfaithful alone. Alberts discloses an ad server controlling the distribution of ads. Alberts, Abstract. That is, Alberts discloses *a plurality of advertisements* maintained at an Internet address. Unfaithful's event handler, when combined with Alberts, selects and returns one of the ads *from the plurality of advertisements* maintained at the Internet address. Further, we agree with and adopt as our own the Examiner's articulated reasoning with a rational underpinning for combining the references, namely, that "[it] would [have been] obvious to one of ordinary skill in the art in view of the recognition that such substitution can not only be 'easily [be] envisioned,' but also better control distribution and concentration of ads thereby improving the effectiveness of such ads and the desire for such in any advertising system." Ans. 6.

We, therefore, sustain the rejection of claim 9, as well as claim 19, which is not separately argued with particularity.

4

Appeal 2015-005117
Patent 7,353,229 B2
Reexamination Control 90/012,496

The Written Description Rejection of Claims 24, 25, 27–29, 46, 51, 52, 54–56, 73, 79, and 80

Claims 24, 25, 27–29, 46, 51, 52, 54–56, 73, 79, and 80 stand rejected for failing to comply with the written description requirement. Final Act. 58–59; Ans. 7–8.

"[T]he test for sufficiency [of the written description] is whether the disclosure of the application relied upon reasonably conveys to those skilled in the art that the inventor had possession of the claimed subject matter as of the filing date." *Ariad Pharm., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010) (en banc).

We agree with Appellant (App. Br. 15–16) that claims 24, 25, 27, 28, 51, 52, 54, and 55 correspond to original claim 3, and comply with the written description requirement. Although as pointed out by the Examiner (Ans. 7–8), the language in these claims is not identical to the language of the original claim, a skilled artisan would recognize that this difference in language is to exclude the scenario where the same website is loaded in the first browser.

We agree with Appellant (App. Br. 16) that claims 29 and 56 correspond to original claim 4, and comply with the written description requirement.

We agree with Appellant (App. Br. 17) that claims 79 and 80 comply with the written description requirement. These claims each recite "said event handler prevents the opening of a plurality of second browsers after opening a first one of said second browser." The '229 patent (col. 9, l. 64–col. 10, l. 6) describes a second post-session platform not being opened if a

5

Appeal 2015-005117
Patent 7,353,229 B2
Reexamination Control 90/012,496

first load triggering event is followed by a second load triggering event.  We find this disclosure supports the claim language.

      Appellant does not present separate arguments for claims 46 and 73.

      We, therefore, sustain pro forma the rejections of claims 46 and 73.

      We, therefore, do not sustain the rejections of claims 24, 25, 27–29, 51, 52, 54–56, 79, and 80.

THE 35 U.S.C. § 112, SECOND PARAGRAPH, REJECTION OF CLAIMS 23–25, 27–29, 32, 38, 50–52, 54–56, 59, AND 65

      Claims 23–25, 27–29, 32, 38, 50–52, 54–56, 59, and 65 stand rejected under 35 U.S.C. § 112, second paragraph.  Final Act. 59–61; Ans. 8.

      Regarding claims 23, 29, 50, and 56, we agree with Appellant (App. Br. 17–18) that the claim language "in a manner" does not render the claims indefinite.  Although the Examiner finds (Ans. 8) that the claim scope is not clearly defined, we disagree with the Examiner and find that a skilled artisan would understand the scope of the claim.

      Regarding claims 24, 25, 27, 28, 51, 52, 54, and 55, we agree with Appellant (App. Br. 18) that the claim language is self-explanatory.

      Regarding claims 32, 38, 59, and 65, we agree with Appellant (App. Br. 18) that claim language "the temporal duration" does not render the claims indefinite.

      We, therefore, do not sustain the rejections of claims 23–25, 27–29, 32, 38, 50–52, 54–56, 59, and 65.

6

Appeal 2015-005117
Patent 7,353,229 B2
Reexamination Control 90/012,496

THE OBVIOUSNESS REJECTION OF CLAIMS 23–28, 31, 33, 39, 46, 50–55, 58, 60, 66, 73, AND 81–84 OVER UNFAITHFUL, JAVASCRIPT BIBLE, AND ALBERTS

Claims 23–28, 31, 33, 39, 46, 50–55, 58, 60, 66, 73, and 81–84 stand rejected under 35 U.S.C. § 103(a) as obvious over Unfaithful, JavaScript Bible, and Alberts.  Final Act. 102–16; Ans. 13–16.

Regarding claim 24, Appellant argues: "The Examiner's example relies on clicking on an address that is part of the Unfaithful website.  The claim, on the other hand, specifically states that the load-triggering event 'comprises clicking on an off-site link different than an address already present for said first browser'." App. Br. 30; *see also* Reply Br. 8.  In response, the Examiner explains "[Unfaithful's] source code includes Javascript instructions for causing the second browser to open." Ans. 13.  We do not see any error in the Examiner's findings and conclusions because Alberts discloses a plurality of advertisements and incorporating the teachings of Alberts into Unfaithful suggests, to a skilled artisan, receiving a clicking on an off-site link to Alberts's ad server.  *See* Alberts, Abstract.

Regarding claim 25, Appellant argues: "The Examiner has not offered any evidence that demonstrates that Unfaithful as evidenced by JavaScript Bible in view of Alberts discloses a system similar to that of claim 23 wherein the load-triggering event comprises entering a new, i.e.[,] not old, i.e.[,] different, address." App. Br. 31; *see also* Reply. Br. 8–9.  We do not see any error in the Examiner's findings and conclusions because it would have been obvious to a skilled artisan to, instead of receiving a clicking on an off-site link to Alberts's ad server, receiving an entering a new address (to Alberts's ad server).  *See* Alberts, Abstract.

7

Appeal 2015-005117
Patent 7,353,229 B2
Reexamination Control 90/012,496

Regarding claim 27, Appellant argues: "The only example that the Examiner has produced from Unfaithful relies on reloading the same website in said first browser, i.e. 'clicking the refresh/reload button'." App. Br. 32; *see also* Reply Br. 9.  We do not see any error in the Examiner's findings and conclusions for reasons discussed above with respect to claim 25.  That is, it would have been obvious to a skilled artisan to, instead of receiving a clicking on an off-site link to Alberts's ad server, receiving an exiting a web site to a different address (to Alberts's ad server).  *See* Alberts, Abstract.

Regarding claim 28, Appellant argues: "The only example that the Examiner has produced from Unfaithful relies on reloading a website in said first browser, i.e. 'clicking the refresh/reload/redirect button'." App. Br. 33.  We do not see any error in the Examiner's findings and conclusions for reasons discussed above with respect to claim 25.  That is, it would have been obvious to a skilled artisan to, instead of receiving a clicking on an off-site link to Alberts's ad server, receiving a being redirected to a web site at a different address (to Alberts's ad server).  *See* Alberts, Abstract.

Regarding claim 84, Appellant argues: "While the browser window of Unfaithful discloses minimize and maximize buttons, the Examiner has not demonstrated that their use may act as a view-triggering event, and therefore their mere existence is immaterial to claim 84." App. Br. 36.  We do not see any error in the Examiner's findings and conclusions because a skilled artisan would recognize that it would have been obvious in light of Unfaithful to open the second browser in any of the various known predictable ways.

8

Appeal 2015-005117
Patent 7,353,229 B2
Reexamination Control 90/012,496

In short, given Unfaithful's specific teachings of opening the second browser in response to particular events (*see* Request Exhibit B), modifying Unfaithful to open the second browser in response to other known events, such as those events recited by claims 24, 25, 27, 28, and 84, would have been a predictable use of prior art elements according to their established functions — an obvious improvement. As the U.S. Supreme Court has explained:

> When a work is available in one field of endeavor, design incentives and other market forces can prompt variations of it, either in the same field or a different one. If a person of ordinary skill can implement a predictable variation, § 103 likely bars its patentability. For the same reason, if a technique has been used to improve one device, and a person of ordinary skill in the art would recognize that it would improve similar devices in the same way, using the technique is obvious unless its actual application is beyond his or her skill. *Sakraida* [*v. Ag Pro, Inc.*, 425 U.S. 273 (1976)] and *Anderson's-Black Rock*[, *Inc. v. Pavement Salvage Co.*, 396 U.S. 57 (1969)] are illustrative—a court must ask whether the improvement is more than the predictable use of prior art elements according to their established functions.

*KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398, 417 (2007).

We, therefore, sustain the rejections of claims 24, 25, 27, 28, and 84 as well as claims 23, 26, 31, 33, 39, 46, 50–55, 58, 60, 66, 73, and 81–83, which are not separately argued with particularity.

THE OBVIOUSNESS REJECTION OF CLAIMS 40, 42, 47–49, 67, 69, AND 74–76 OVER UNFAITHFUL, JAVASCRIPT BIBLE, ALBERTS, AND ABRAMOWITZ

Claims 40, 42, 47–49, 67, 69, and 74–76 stand rejected under 35 U.S.C. § 103(a) as obvious over Unfaithful, JavaScript Bible, Alberts, and

9

Appeal 2015-005117
Patent 7,353,229 B2
Reexamination Control 90/012,496

Abramowitz (US 6,441,831 B1; issued Aug. 27, 2002). Final Act. 116–27; Ans. 16.

Appellant does not separately argue any of claims 40, 42, 47–49, 67, 69, and 74–76. App. Br. 36–37; Reply Br. 9.

We, therefore, sustain the rejections of claims 40, 42, 47–49, 67, 69, and 74–76.

THE OBVIOUSNESS REJECTION OF CLAIMS 29, 30, 32, 38, 56, 57, 59, AND 65 OVER UNFAITHFUL, JAVASCRIPT BIBLE, ALBERTS, AND CEZAR

Claims 29, 30, 32, 38, 56, 57, 59, and 65 stand rejected under 35 U.S.C. § 103(a) as obvious over Unfaithful, JavaScript Bible, Alberts, and Cezar (US 6,128,651 B1; issued Oct. 3, 2000). Final Act. 127–136; Ans. 16–17.

Regarding claim 29, the Examiner finds Unfaithful and Cezar teach the recited script handler delaying invocation of the post-session procedure for a predetermined period of time. Final Act. 129–31. Appellant argues: "Cezar has no mechanism analogous to the delay claimed in claim 29 because it does not load advertisements in response to receiving user-driven actions." App. Br. 39; *see also* Reply Br. 9–10.

We do not see any error in the Examiner's findings. Nor do we see any error in the Examiner's legal conclusion of obviousness.

> The test for obviousness is not whether the features of a secondary reference may be bodily incorporated into the structure of the primary reference; nor is it that the claimed invention must be expressly suggested in any one or all of the references. Rather, the test is what the combined teachings of

10

Appeal 2015-005117
Patent 7,353,229 B2
Reexamination Control 90/012,496

> the references would have suggested to those of ordinary skill in the art.

*In re Keller*, 642 F.2d 413, 425 (CCPA 1981) (citations omitted).

Cezar (col. 3, ll. 26–43) describes a coded timer for an Internet ad system. The Examiner does not rely on Cezar for user-driven actions; rather, the Examiner relies on Cezar for a coded timer for an Internet ad system. We agree with the Examiner's conclusion that to "employ such coded timers as taught by Cezar with the Unfaithful Internet ad system would [have been] obvious to one of ordinary skill in the art in view of the recognition that such would insure the effectiveness of such ad system and the desire for such in any advertising system." Final Act. 131. That is, it would have been obvious to utilize Cezar's timer to delay invocation of Unfaithful's post-session procedure as recited.

Regarding claim 30, the Examiner finds that Unfaithful and Cezar teach the recited script handler canceling invocation of the post-session procedure if a user loads a new web site. Final Act. 131–32. Appellant argues: "The Examiner's argument fails to address the situation claimed, where it is the invocation of the post-session procedure of the new web site to be loaded in the first browser, rather than the web site originally loaded in the first browser, which is cancelled." App. Br. 40; *see also* Reply Br. 10.

We do not see any error in the Examiner's findings. Nor do we see any error in the Examiner's legal conclusion of obviousness. When Cezar's timer delays invocation of Unfaithful's post-session procedure (as discussed above with respect to claim 29), and a user loads a new web site before the timer expires, the language of claim 30 is met because it would have been obvious to a skilled artisan that loading of the new web site cancels the

11

Appeal 2015-005117
Patent 7,353,229 B2
Reexamination Control 90/012,496

pending invocation of *said* post-session procedure in Unfaithful as modified in light of Cezar.

Regarding claim 32, the Examiner finds Unfaithful, Javascript Bible, and Cezar teach the recited focus timer. Final Act. 132–34. Appellant argues:

> The existence of time stamps does not render their use in the claimed invention any more obvious than the existence of trees makes their utility as housing or fuel obvious. That a goal is known and that the components necessary to achieve that aim exist does not mean it is obvious to put them together, and the prior art offered by the Examiner reveal no suggestion or motivation to do so.

App. Br. 41; *see also* Reply Br. 9–10.

We do not see any error in the Examiner's findings. Nor do we see any error in the Examiner's legal conclusion of obviousness. Contrary to Appellant's arguments, the Examiner does provide an articulated reasoning with a rational underpinning. We agree with and adopt as our own the Examiner's reasoning:

> Therefore to employ a focus timer, i.e. event handler onFocus time stamps, that tracks the duration that the windows/web browsers are in the foreground window, i.e. displayed to the user, as taught by Cezar and JavaScript Bible in combination with the website of Unfaithful would [have been] obvious to one skilled in the art in view of the recognition that such would generate an audit trail useful not only for compensation and billing purposes but to monitor and upgrade advertising needs, e.g. to enhance the economic efficiency of advertisements/webpages and the desirability of such in any advertising system including that of Unfaithful.

Final Act. 134.

12

Appeal 2015-005117
Patent 7,353,229 B2
Reexamination Control 90/012,496

We, therefore, sustain the rejections of claims 29, 30, and 32, as well as claims 38, 56, 57, 59, and 65, which are not separately argued with particularity.

THE OBVIOUSNESS REJECTION OF CLAIMS 34–37, 41, 43–45, 61–64, 68, AND 70–72 OVER UNFAITHFUL, JAVASCRIPT BIBLE, ALBERTS, AND JACKSON

Claims 34–37, 41, 43–45, 61–64, 68, and 70–72 stand rejected under 35 U.S.C. § 103(a) as obvious over Unfaithful, JavaScript Bible, Alberts, and Jackson (US 6,886,017 B1; issued Apr. 26, 2005). Final Act. 136–47; Ans. 17–18.

Appellant does not separately argue any of claims 34–37, 41, 43–45, 61–64, 68, and 70–72. App. Br. 42–44; Reply Br. 10.

We, therefore, sustain the rejections of claims 34–37, 41, 43–45, 61–64, 68, and 70–72.

THE REMAINING REJECTIONS

Review of alternative prior art bases for rejection to claims, which have already been determined to be appropriately rejected over the prior art, is discretionary. *See, e.g., In re Gleave*, 560 F.3d 1331, 1338 (Fed. Cir. 2009) (not reaching rejections based on obviousness when claims already rejected as anticipated). We exercise our discretion and decline to reach the merits of the remaining rejections.

13


Appeal 2015-005117
Patent 7,353,229 B2
Reexamination Control 90/012,496

## ORDER

The Examiner's decision rejecting claims 9, 19, 23–76, and 81–84 is affirmed.

The Examiner's decision rejecting claims 79 and 80 is reversed.

Extensions of time for taking any subsequent action in connection with this appeal are governed by 37 C.F.R. § 1.550(c).  *See* 37 C.F.R. § 41.50(f).

## AFFIRMED-IN-PART

PATENT OWNER:
CHERNOFF, VILHAUER, MCCLUNG & STENZEL, LLP
601 SW Second Avenue
Suite 1600
PORTLAND, OR 97204-3157


THIRD PARTY REQUESTER:
Robert Ryan Morishita Morishita Law Firm, LLC
8960 West Tropicana Avenue
Suite 300
Las Vegas, NV 89147